762 F.2d 462
 2 Fed.R.Serv.3d 480
 Arthur P. LANDRY, Plaintiff,
v.
G.B.A. d/b/a Coating Specialists Co., etc., et al., Defendants,
COMMERCIAL UNION INSURANCE, Third-Party
Defendant-Appellant-Cross-Appellee,
v.
CLEMCO INDUSTRIES, a/k/a Clemco Clementina, Ltd.,
Defendant-Third-Party Plaintiff-Appellee-Cross-Appellant.
 No. 84-3758
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 June 10, 1985.
 Boggs, Loehn & Rodrigue, Joseph L. von Rosenberg, III, Thomas E. Loehn, New Orleans, La., for third-party defendant-appellant-cross-appellee.
 Hulse, Nelson & Wanek, Craig R. Nelson, New Orleans, La., for defendant-third-party plaintiff-appellee-cross-appellant.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before CLARK, Chief Judge, TATE and GARWOOD, Circuit Judges.
 PER CURIAM:
 
 
 1
 As we are bound to note our want of appellate jurisdiction, sua sponte, Spiess v. C. Itoh & Co., 725 F.2d 970 (5th Cir.1984), we dismiss this attempted Rule 54(b) (Federal Rules of Civil Procedure) appeal for want of an appealable order.
 
 
 2
 This suit was commenced by plaintiff Arthur Landry's suing various defendants, including appellee Clemco Industries ("Clemco"), alleging that he had contracted silicosis during various periods of employment as a sandblaster with other parties from 1966 to 1978. He claims, inter alia, that protective respiratory equipment which he used and which was manufactured by Clemco was defective. Clemco denied liability as to the plaintiff and filed a third-party complaint against appellant Commercial Union Insurance Company ("Commercial Union") which had issued Clemco policies of liability insurance which were effective from August 1, 1970 through September 30, 1976. Clemco claimed that the Commercial Union policies covered any liability it might have to the plaintiff, and that Commercial Union owed it a defense of the plaintiff's suit. Commercial Union denied coverage and refused to defend. Clemco filed a motion for summary judgment against Commercial Union seeking adjudication that Commercial Union owed Clemco a duty of defense and indemnity for all claims made by the plaintiff, plus penalties and attorneys' fees for failing to defend Clemco. When Clemco's motion for summary judgment was heard, the district court on August 22, 1984 announced in open court that it granted the motion so far as it sought a decree that Commercial Union owes a defense to Clemco, but the motion was "denied as to fees and penalties because the Court finds the denial [by Commercial Union of the obligation to defend] was not arbitrary." The district court at this time also stated that so much of Clemco's motion for summary judgment as related to "the question of indemnification is deferred pending trial at the request of counsel for Clemco." On October 10, 1984, Clemco filed a motion for judgment under Rule 54(b) requesting "a final judgment on this Court's ruling of August 22, 1984, whereby it granted Clemco's Motion for Summary Judgment against Commercial Union decreeing that it owes Clemco Industries a defense in this matter." The district court found under Rule 54(b) that there was no just reason for delay and directed "entry of final judgment on this Court's decree that Commercial Union owes Clemco Industries a defense in this matter." The judgment entered October 10, 1984 pursuant to this directive merely states "final judgment is hereby entered decreeing that Commercial Union must defend Clemco Industries in this lawsuit." Commercial Union seeks to appeal from that judgment.
 
 
 3
 It is apparent that no judgment has been entered denying Clemco's request for fees and penalties against Commercial Union on account of Commercial Union's refusal to defend. While it is true that the district court denied Clemco's motion for summary judgment for such fees and penalties (which denial was apparently only oral), nevertheless the denial of a motion for summary judgment is not the equivalent of the entry of judgment against the movant. It is to be noted in this connection that apparently the district court did not purport to consider or grant any motion by Commercial Union for summary judgment in this respect. While it is true that where one party moves for summary judgment the district court, in an appropriate case, may grant summary judgment against the movant, even though the opposite party has not actually filed a motion for summary judgment, 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d Sec. 2720, this does not suffice to transform the denial of the movant's motion for summary judgment into the actual granting of judgment for the opposite party. Here, the motion for judgment under Rule 54(b), and the judgment itself, speak only to Commercial Union's duty to defend, and do not refer in any way, specifically or generally, to Clemco's request for recovery from Commercial Union of fees and penalties on account of Commercial Union's breach of that duty.
 
 
 4
 Accordingly, the judgment disposes only of the asserted duty to defend, and not the requested recovery of fees and penalties for having breached that duty. Therefore, we apply the rule that "when plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and subdivision (b) [of Rule 54] does not apply." 10 Wright, Miller & Kane, supra, Sec. 2657 at 69-71 (footnote omitted). Thus, since the judgment does not dispose of the entirety of any one claim, it cannot be made an appealable judgment by recourse to Rule 54(b).
 
 
 5
 There being no appealable judgment, the appeal is therefore dismissed.
 
 
 6
 DISMISSED.