**Richard KLEIN and Virginia Klein, et al., Appellants,**

v.

**GENERAL ELECTRIC COMPANY, Respondent.**

No. 51645.

Missouri Court of Appeals, Eastern District, Division One.

March 31, 1987.

Motion for Rehearing and/or Transfer Denied May 6, 1987.

Anthony S. Bruning, Leritz, Reinert & Duree, St. Louis, for appellants.

Paul Nicholas Venker, Shepherd, Sandberg & Phoenix, Gerald D. Morris, St. Louis, for respondent.

CRIST, Judge.

Richard and Virginia Klein (plaintiffs) appeal from the dismissal of their petition alleging fraud during the course of discovery in a prior lawsuit. The petition was

dismissed for failure to state a cause of action. We affirm.

Plaintiffs originally brought suit against respondent (G.E.) after a fire destroyed their home and property. Plaintiffs had purchased a defective coffee maker made by G.E. On December 24, 1980, plaintiffs' home caught fire due to the defective coffee maker. Plaintiffs obtained a $600,000 judgment for the actual damages sustained as a result of the fire. The judgment was affirmed by this court in *Klein v. General Electric Co.*, 714 S.W.2d 896 (Mo.App. 1986).

The original lawsuit was filed on April 16, 1982, and amended to include a punitive damages claim on February 22, 1984. The case was tried on February 4, 1985 through February 11, 1985. In their present petition claiming fraud, plaintiffs allege they dismissed their claim for punitive damages on February 8, 1985, in reliance on false and fraudulent representations made by G.E. during discovery. They claim to have discovered these misrepresentations when a G.E. employee testified later at trial.

Plaintiffs allege that during the course of discovery of the case, G.E. repeatedly, falsely and fraudulently represented to plaintiffs that G.E. had no knowledge of other fires, claims of property damage or safety complaints with the model of coffee maker in question. They allege these misrepresentations were intentionally made so that plaintiffs would rely on them. After the dismissal of the punitive damage claim, the G.E. employee testified that, since 1982, G.E. had been notified of sixty other like coffee makers overheating, forty of which were caused by thermostat and fuse failures.

Plaintiffs did not favor us with facts showing what action was taken, either by themselves or by the trial court, when the G.E. employee testified about the other overheating coffee makers. G.E. did not take umbrage for their failure to do so. We feel, however, we must address the issue of plaintiffs' failure either to object to the testimony or to amend their pleading to add a punitive damage claim.

A punitive damage claim is not a separate cause of action; it must be brought in conjunction with a claim for actual damages. *Gould v. Starr*, 558 S.W.2d 755, 770[13] (Mo.App.1977). Upon learning of G.E.'s knowledge of other fires, plaintiffs could have petitioned the court for leave to amend their petition under Rule 55.33. If that request had been denied, they could have objected to the evidence on the ground it had not been disclosed during discovery. The court has discretion in fashioning a remedy when evidence is challenged under such circumstances. *Sagehorn v. Phillips Petroleum Co.*, 648 S.W.2d 647, 649[5] (Mo.App.1983); *Aulgur v. Zylich*, 390 S.W.2d 553, 556[2] (Mo.App.1965). Plaintiffs should have requested either reinstatement of their punitive damages claim or other appropriate relief when the alleged fraud was discovered. Had this been rejected, this court would have reviewed plaintiffs' case on direct appeal. However, they did not object or move to amend their petition. Having lost their opportunity for relief, plaintiffs now seek to recover the lost potential punitive damage award on the basis of fraudulent discovery responses. A lost cause of action cannot be reasserted by giving it a new name.

Even if fraud in discovery was not waived, plaintiffs have failed to state a cause of action. We view the petition favorably to plaintiffs. *Schimmer v. H.W. Freeman Const. Co.*, 607 S.W.2d 767, 769[1] (Mo.App.1980). However, they had to plead their fraud claim with particularity. Rule 55.15; *Green v. Green*, 606 S.W.2d 395, 398[2] (Mo.App.1980).

The elements of a fraud claim are a representation, its falsity, its materiality, a speaker's knowledge of the falsity, his intent that his statement should be acted upon by the other party and in the manner contemplated, that party's ignorance of the falsity, his reliance on its truth, his right to rely thereon, and his consequent injury. *Hohenstreet v. Sterling National Land Co.*, 706 S.W.2d 80, 83[4] (Mo.App.1986). Plaintiffs' petition was insufficient for failure to allege with particularity their injury,

specifically the viability of their punitive damage claim.

Plaintiffs pled a fire occurred in their home in December of 1980 due to a defective coffee maker. To have succeeded on their punitive damage claim, plaintiffs would have had to have pled and shown G.E. had notice about the defective condition when the coffee maker was sold. *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.*, 700 S.W.2d 426, 435[16] (Mo. banc 1985). The only thing in plaintiffs' petition regarding notice to G.E. came from the fact a G.E. employee testified that *since 1982* G.E. had been notified about possibly defective coffee makers.

Judgment affirmed.

KELLY, P.J., and CARL R. GAERTNER, J., concur.