**Norma DAVIS and Doyle Davis, Appellants,**

v.

**DOLGENCORP, INC., d/b/a Dollar General Stores, and Dollar General Corporation, d/b/a Dollar General Stores, Respondents.**

No. 55441.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 8, 1989.

Gary Linuel Lewis, Columbia, for appellants.

John A. Michener, St. Louis, for respondents.

CARL R. GAERTNER, Judge.

Plaintiffs Norma Davis and Doyle Davis filed suit in the Circuit Court of St. Louis County seeking to recover damages in Count I for Norma's personal injuries and in Count II for Doyle's loss of consortium allegedly sustained when Norma fell in the parking lot of defendants' store in New Madrid, Missouri. In these counts they allege their damages were the result of defendants' negligence in causing and failing to repair or warn of the existence of a hole in the surface of the parking lot. In Count III they seek $450,000 in punitive damages alleging defendants' negligence in creating and maintaining the dangerous condition "manifested a wreckless [sic] indifference to the rights of plaintiff...." Upon motion of defendant the trial court ordered Count III seeking punitive damages stricken and dismissed with prejudice. The order, dated August 4, 1988, provides: "This order is a final judgment for purposes of appeal under Rule 81.06." Plaintiffs filed a timely notice of appeal from this order. Defendants have filed a Motion to Dismiss the Appeal as premature which we find to be well taken.

■ Rule 81.06, relied upon by the trial court in its August 4, 1988 designation of finality, was repealed effective January 1, 1988. In lieu thereof the Supreme Court adopted Rule 74.01(b) which provides:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. (Adopted May 22, 1987, effective Jan. 1, 1988).

Trial judges have been cautioned not only to make the necessary determination that "there is no just reason for delay" but also to employ the express language of the rule in their orders. *Stemley v. Downtown Medical Bldg., Inc.* 762 S.W.2d 43, 46 (Mo. banc 1988). We have not hesitated to dis-

miss appeals despite a trial court's designation of finality which fails to reflect the necessary determination was made. *See In Re Estate of Caldwell,* 766 S.W.2d 464 (Mo.App.1989); *Bi–State Development Agency v. Peckham, Guyton, Albers & Viets, Inc.,* 747 S.W.2d 332 (Mo.App.1988).

 Of more importance than this procedural deficiency, however, is that Rule 74.01(b) applies only to an action in which more than one claim for relief is presented or when multiple parties are involved. An action seeking to recover both actual and punitive damages resulting from the same tort presents but a single claim. *Klein v. General Electric Co.,* 728 S.W.2d 670, 671 (Mo.App.1987); *Lake v. Durham Life Ins. Co.,* 663 S.W.2d 322, 324 (Mo.App.1983), overruled on other grounds, *Speck v. Union Electric Co.,* 731 S.W.2d 16, 20 (Mo. banc 1987). Assertion of alternate theories of recovery for the same wrong does not constitute an action presenting more than one claim for relief. *Lipton Realty, Inc. v. St. Louis Housing Authority,* 655 S.W.2d 792, 793 (Mo.App.1983), overruled on other grounds, *Speck, supra,* 731 S.W.2d at 20. Plaintiffs seek to enforce a single legal right, the recovery of damages for injuries resulting from one incident, even though the damages sought may be predicated upon different elements. Because the petition does not present "more than one claim for relief", Rule 74.01(b) is inapplicable.

Accordingly, we do not reach the merits of plaintiffs' appeal. Defendants' Motion to Dismiss is sustained and the appeal is dismissed without prejudice.

PUDLOWSKI, C.J., and SIMEONE, J., concur.