Theodore GREEN, Appellant,

v.

CITY OF ST. LOUIS, Respondent.

No. 57974.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 30, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 19, 1990.

Application to Transfer Denied
Feb. 7, 1991.

Bruce Charles Cohen, St. Louis, for appellant.

Kathleen A. Gormley, Edward James Hanlon, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Theodore Green, appeals from an order of the Circuit Court of St. Louis City striking appellant's claim for punitive damages from appellant's single-count petition. A brief procedural history of this case is necessary for our decision.

On June 28, 1988, appellant filed a charge of discrimination against respondent, City of St. Louis, with the Missouri Commission on Human Rights. Appellant alleged that the respondent, through the

St. Louis Airport Authority, his employer,[1] discriminated against him regarding a disciplinary matter and a work reassignment. After receiving notice on January 17, 1989, from the Commission that he had the right to commence a civil action within 90 days, appellant filed a timely petition in the Circuit Court of St. Louis City. Appellant claimed in his petition that respondent intentionally engaged in unlawful employment practices which were proscribed by Chapter 213 of the Missouri Revised Statutes and sought as relief actual damages, a permanent injunction, punitive damages and other, specific relief regarding his employment.

On November 22, 1989, respondent filed a motion for judgment on the pleadings. In this motion, respondent claimed, inter alia, that since RSMo § 213.111 (1986), which lists the available remedies for violations of Chapter 213, did not specifically authorize an award of punitive damages against a municipal corporation, respondent could not be held liable for punitive damages in this case. The trial court agreed with respondent and, on January 15, 1990, sustained the motion as to punitive damages. In its order, the trial court stated that "[P]ursuant to Rule 74.01(b), the court finds that there is no just reason for delay ..." It is from this order which appellant brings his argument to this court.

Respondent filed a motion with our court on May 1, 1990, seeking dismissal of the present appeal. Respondent claims that the court's order dismissing appellant's punitive damages claim is not final for purposes of appeal. While a final and appealable judgment disposes of all the issues in a case, leaving nothing for future determination, a trial court can expressly designate an order as a final judgment for purposes of appeal. *Bay's Texaco Service and Supply Company, Inc. v. Mayfield,* 792 S.W.2d 50, 51 (Mo.App., E.D.1990); Rule 74.01(b).

Rule 74.01(b), in pertinent part, states:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties ...

Rule 74.01(b). While the trial court in our case did determine that there was "no just reason for delay," this does not end our inquiry into the judgment's finality.

Rule 74.01(b) states that it is only applicable when more than one claim for relief is present or when multiple parties are involved. Since multiple parties are clearly not involved in this case, Rule 74.01(b) is applicable to the instant action if it can be said that respondent's request for punitive damages is a separate claim for relief.

Missouri Rule 74.01(b) is functionally identical to Rule 54(b) of the Federal Rules of Civil Procedure. The Fifth Circuit Court of Appeals in *Landry v. G.B.A.,* 762 F.2d 462 (5th Cir.1985) was faced with a District Court order which had determined that an insurance company, a defendant in the case, owed a duty to defend a third party plaintiff, Clemco Industries. However, the District Court did not dispose of Clemco's claim against the insurer for fees and penalties as a result of the insurer's breach of the duty. *Id.* at 464. The Fifth Circuit then stated that:

... when plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and subdivision (b) [of Rule 54] does not apply.... Thus, since the judgment does not dispose of the entirety of any one claim, it cannot be made an appealable judgment by recourse to Rule 54(b).

*Id.* (citations omitted).

The case at bar is, essentially, the flip-side of *Landry.* Here, the trial court en-

---

ment at Lambert Field.

tered a judgment which disposed of one element of damages found in appellant's petition which sought vindication of a legal right-discrimination in violation of Chapter 213. We are constrained to hold, as the Fifth Circuit did in *Landry*, that the trial court lacked the authority to declare its judgment appealable pursuant to Rule 74.-01(b). On point is our recent decision in *Davis v. Dolgencorp, Inc.*, 774 S.W.2d 565 (Mo.App., E.D.1989).

In *Davis*, the plaintiffs, husband and wife, sought damages for personal injury, loss of consortium and punitive damages against the defendant, a department store chain, based on negligence. Upon motion, the trial court struck plaintiffs' Count III which sought punitive damages and the court attempted to certify the order as appealable pursuant to Rule 81.06, the predecessor of Rule 74.01(b).

Pertinent to the present issue [2] was our court's holding that an action seeking both actual and punitive damages resulting from the same tort constitutes a single claim. *Davis*, 774 S.W.2d at 567. The plaintiffs sought to enforce a single legal right, namely recovery for injuries which resulted from one incident, even though they sought multiple elements of damages. *Id.* Since the plaintiffs' petition did not present "more than one claim for relief," we held that Rule 74.01(b) was inapplicable. *Id.*

In the case at bar, appellant presented a single claim to the trial court; discrimination in violation of RSMo chapter 213. Appellant sought varied relief from the trial court. One element of relief requested, punitive damages, was dismissed by the court's order. However, the fact that appellant sought punitive damages in addition to other relief did not transform his petition into one seeking "more than one claim for relief" under Rule 74.01(b). *Davis*, 774 S.W.2d at 567. *See also Landry*, 762 F.2d

at 464. Therefore, Rule 74.01(b) was inapplicable.

Appeal dismissed, without prejudice.

CRIST and PUDLOWSKI, JJ., concur.

---

**2.** Our court's resolution of *Davis* rested on two grounds: 1) The trial court's failure to specifically state that there was "no just reason for delay;" and 2) the failure of the petition to state "more than one claim for relief." In addition, the *Davis'* trial court was, apparently, under the mistaken impression that Rule 81.06 controlled.