Glenna Sue JENSEN, Appellant,

v.

Merle HOWARD and Beatrice Howard, Personal Representatives of the Estate of Gregg E. Howard, Respondents.

No. WD 51494.

Missouri Court of Appeals, Western District.

May 7, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 1996.

Application to Transfer Denied Aug. 20, 1996.

Andrew J. Gelbach, Warrensburg, for appellant.

Michael E. McCausland, Kansas City, for respondents.

Before LOWENSTEIN, P.J., and HANNA and SPINDEN, JJ.

SPINDEN, Judge.

Glenna Sue Jensen asks us to pass judgment on whether the circuit court properly dismissed her prayer for punitive damages in an action against an alleged tortfeasor's estate. We decline and dismiss the appeal as premature because her action is not final.

On September 25, 1991, Jensen sued the estate of Gregg E. Howard for damages sustained when a motorcycle driven by Howard crashed head-on into a car driven by Jensen. Howard died in the crash. Jensen later amended her petition to include a request for punitive damages. The court dismissed the amended petition on the ground that a punitive damage claim could not be asserted against a decedent's estate. The court reinstated Jensen's earlier petition which sought actual damages only. The court then declared its judgment appealable pursuant to Rule 74.01.

■ Although Howard's estate did not question the propriety of the circuit court's designating its judgment as appealable, we raised the issue *sua sponte*. The finality of a

judgment is a prerequisite for appellate review, and this court may raise the issue *sua sponte.* *Committee for Educational Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994).

Rule 74.01(b) says, "When *more than one claim for relief* is presented in an action ..., the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."[1] The rule permits the circuit court to designate its order as final only when the order disposes of an entire claim for relief. "An element of a single claim may not be separately appealed even if the trial court designates it as final and appealable." *Team, Inc. v. Schlette,* 814 S.W.2d 12, 13 (Mo.App.1991). A judgment which does not resolve all legal issues as to any single claim for relief is not final even if the trial judge designates it as such. *Committee for Educational Equality,* 878 S.W.2d at 450.

"[A]n action seeking both actual and punitive damages resulting from the same tort constitutes a single claim." *Green v. City of St. Louis,* 801 S.W.2d 376, 378 (Mo. App.1990); *Davis v. Dolgencorp, Inc.,* 774 S.W.2d 565, 567 (Mo.App.1989). That a petition seeks punitive damages in addition to other relief does not transform it into an action seeking "more than one claim for relief" under Rule 74.01(b). *Green,* 801 S.W.2d at 378.

Jensen's second amended petition presented only one claim for relief based on negligence. Although the petition prayed for actual and punitive damages, the request for punitive damages was but one element of the relief requested based on the same alleged conduct. Rule 74.01(b) was inapplicable, and the circuit court had no jurisdiction to designate the judgment appealable. We, therefore, dismiss the appeal.

LOWENSTEIN, P.J., and HANNA, J., concur.