# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 98-50934
_____

BRENDA L. STUCKY, d/b/a Bill's Wrecker Service; RICHARD VILLANEVA, d/b/a Creswells 24 Hr. Wrecker Service,

Plaintiffs - Counter-Defendants - Appellees-Cross-Appellants

versus

CITY OF SAN ANTONIO,

Defendant-Appellant - Cross-Appellee.

TEXAS TOWING CORPORATION,

Intervenor Defendant - Counter-Plaintiff-Appellant-Cross-Appellee

---

Appeals from the United States District Court
for the Western District of Texas
(SA-96-CV-1285)

---

December 14, 1999

Before KING, Chief Judge, and REYNALDO G. GARZA and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

The district court has issued two purportedly dispositive "orders" and a separate final judgment in this case. On August 25, 1998, the district court "ordered," in relevant part, that: 1) Plaintiffs Stucky and Villaneva ("Stucky")'s motion for partial summary judgment was granted, such

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Ordinances 82744 and 87775 were declared null and void; 2) Defendant City of San Antonio ("City") was permanently enjoined from renewing its nonconsent towing contract with any party without allowing open bids on the contract; 3) City's and Intervenor Texas Towing ("Texas Towing")'s motions for summary judgment were granted in part, such that Stucky's claims for relief under 42 U.S.C. § 1983 and for violations of federal antitrust law were dismissed with prejudice; 4) City's and Texas Towing's motions for summary judgment were denied as to Stucky's claims for injunctive relief under antitrust law.[1]

On September 21, 1998, the district court granted Texas Towing's unopposed motion to enter final judgment as to certain claims and to certify certain issues for interlocutory appeal. In its "order" granting Texas Towing's motion, the court "directed the clerk to enter a final judgment that", in relevant part: 1) Stucky's motion for partial summary judgment was granted, such that Ordinance 82744 and Ordinance 87775 were declared null and void; 2) City was permanently enjoined from renewing its nonconsent towing contract with any party without allowing open bids on the contract; and 3) City's and Texas Towing's motions for summary judgment were granted in part, such that Stucky's § 1983 and antitrust damage claims were dismissed with prejudice. The court also ordered, without further comment, that Texas Towing's motion to certify issues for interlocutory appeal was granted.[2] Finally, the court abated the remainder of the case pending appellate review.

On October 13, 1998, the district court issued a "judgment" by which it was "ordered, adjudged, and decreed" that, in relevant part: 1) Stucky's motion for partial summary judgment was granted, as 49 U.S.C. § 14501(c) preempts Ordinance 82744 and Ordinance 87775, and those ordinances were declared null and void; 2) Stucky's request for a permanent injunction against City

_____

[1] City and Texas Towing filed their notices of appeal to this court from the August 25, 1998 order.

[2] We find the district court's grant of Texas Towing's motion to certify issues for interlocutory appeal, without explanation, an insufficient basis on which to certify any aspect of this case for interlocutory appeal under 28 U.S.C. § 1292(b). The certification order, and Texas Towing's underlying motion, insufficiently delineate the exact issues to be certified, given the unusual procedural posture of this case.

was granted, and City was ordered either to put its nonconsent towing contract up for bid or to adopt some other measure to bring the system into compliance with federal law; 3) the portion of Stucky's partial summary judgment motion requesting that the court find that 49 U.S.C. § 14501(c) preempts municipalities from adopting single-vendor open bid towing systems was denied; 4) summary judgment for City and Texas Towing was granted on Stucky's § 1983 and antitrust damage claims; 5) summary judgment for City and Texas Towing was denied on Stucky's claim for antitrust injunctive relief.

After closely reviewing the record, we hereby VACATE the portions of the August 25 Order, the September 21 Order, and the October 13 Judgment which grant Stucky's motion for partial summary judgment and declare Ordinances 82744 and 87775 null and void. We also VACATE the portions of the August 25 Order and the September 21 Order which permanently enjoin City from renewing its single vendor towing contract with any party without conducting open bidding, as well as the portion of the October 13 Judgment which grants a permanent injunction against City and orders it either to put its nonconsent towing contract up for bid or to otherwise bring its system into compliance with federal law. We also VACATE the abatement declared by the September 21 Order and REMAND these vacated holdings for further consideration in light of *Cardinal Towing and Auto Repair, Inc. v. City of Bedford, Texas*, 180 F.3d 686 (5th Cir. 1999).[3][4]

---

[3] We note that none of the parties urged summary judgment on Ordinances 82744 and 87775. We therefore question whether the district court's grant of partial summary judgment as to those Ordinances was permissible under FRCP 56.

[4] The district court's dismissals of Stucky's § 1983 and antitrust damage claims are not challenged on appeal. Those dismissals therefore are unaffected by this opinion.

We also lack jurisdiction over the district court's denials of summary judgment. A denial of summary judgment is not a final order and thus does not confer appellate jurisdiction under 28 U.S.C. § 1291. *See Landry v. G.B.A.*, 762 F.2d 462, 464 (5th Cir. 1985). Therefore, 1) the holding of the August 25 Order and the October 13 Judgment denying City's and Texas Towing's summary judgment motions as to Stucky's claims for injunctive relief under antitrust law; and 2) the holding of the October 13 Judgment denying Stucky's partial summary judgment motion in and so far as it claimed that § 14501(c) preempted municipalities from adopting single-vendor open-bid towing systems, are not

properly before us. The district court is nevertheless free on remand to reconsider these holdings, or not, as it sees fit.