ROBERTSON, Presiding Judge.
On March 24, 1998, Melvin Waiters sued Autry Greer & Sons, Inc. (“Greer”), for compensatory damages, alleging that Waiters had slipped and fallen in liquid that Greer had negligently or wantonly allowed to collect in an aisle of its food store. Greer answered, denying the allegations in Waiters’s complaint, and, on April 21, 2000, it moved for a summary judgment as to all of Waiters’s claims. On June 7, 2000, the trial court entered a summary judgment which stated, in pertinent part:
“This matter came on before the Court on [the motion of the defendant] Autry Greer & Sons, Inc., ... for summary judgment pursuant to Rule 56, Alabama Rules of Civil Procedure. [Waiters] claims that he slipped and fell while on [Greer’s] premises and alleges that he suffered a head injury and injury to his hip.
“The Court further finds that [Watt-ers’s] treating neurologist, Dr. John Hinton, diagnosed [Waiters] with narcolepsy and cataplexy. However, [Waiters] has failed to meet his burden of [proving] that his alleged head injury and diagnosis of narcolepsy and cata-plexy were proximately caused by the alleged slip and fall on [Greer’s] premises.”
The trial court entered a partial summary judgment for Greer as to Watters’s claim alleging an injury to his head and entered an order purporting to certify that summary judgment as final pursuant to Rule 54(b), ALa.R.Civ.P. The trial court specifically found that an appeal of the partial summary judgment would not prejudice the parties, that review of the partial summary judgment would promote judicial economy, and that there was no reason for delay in an appeal.
Waiters appealed the partial summary judgment to our Supreme Court; that court transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
At the outset, we must consider whether we have jurisdiction over this appeal, because “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motto.’” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). Thus, we must determine whether the partial summary judgment *1070 appealed from is a final, appealable judgment. “The question whether a judgment is final is jurisdictional, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case on its own motion.” Powell v. Powell, 718 So.2d 80 (Ala.Civ.App.1998).
Plainly, the partial summary judgment was not a final judgment when it was entered, because Waiters’s claim alleging an injury to his hip remained pending. We therefore next consider whether the trial court’s purported certification of finality made pursuant to Rule 54(b), Ala. R.Civ.P., is effective. Our Supreme Court stated in Foster v. Greer & Sons, Inc., 446 So.2d 605, 610 (Ala.1984), “Rule 54(b) certifications should be granted only in exceptional cases and ‘should not be entered routinely or as a courtesy or accommodation to counsel,’ ” quoting Page v. Preisser, 585 F.2d 336, 339 (8th Cir.1978). See also Precision American Corp. v. Leasing Service Corp., 505 So.2d 380, 381 (Ala.1987). Further, we note that the Committee Comments addressing Rule 54(b) state:
“The rule provides that, in the absence of affirmative action by the judge, no decision is final until the entire case has been adjudicated. The one exception is that where the court has completely disposed of one of a number of claims, or one of multiple parties, and has made an express determination that there is no just reason for delay, the court may direct the entry of judgment on that claim or as to that party.”
(Emphasis added.)
The record establishes that Waiters’s claim against Greer is not complex — he asserts that he is entitled to compensatory damages arising from his slip and fall on Greer’s premises, because Greer, he says, either negligently or wantonly allowed water to collect in the store aisle. As our Supreme Court noted in Precision American, supra, “[njeither federal nor state courts have been able to determine when claims are separate or exactly what constitutes a claim.” 505 So.2d at 381. However, regardless of whether Waiters’s case can be characterized as consisting of a single slip-and-fall claim or as consisting of a slip-and-fall negligence claim and a slip- and-fall wantonness claim, the partial summary judgment addresses only the proximate causation of Waiters’s head injury. Thus, the partial summary judgment disposes of one aspect of Waiters’s damages claim rather than completely disposing of a particular claim. The court in Precision American did address that situation:
“However, authorities have stated that ‘when plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and [Rule 54(b)] does not apply.’ 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d, § 2657, at 69-71 (1983); Landry v. G.B.A., 762 F.2d 462, 464 (5th Cir.1985).”
Id. See also Harper Sales Co. v. Brown, 742 So.2d 190 (Ala.Civ.App.1999); Haynes v. Alfa Fin. Corp., 730 So.2d 178 (Ala.1999); and Fullilove v. Home Fin. Co., 678 So.2d 151 (Ala.Civ.App.1996).
We conclude that the trial court’s Rule 54(b), Ala.R.Civ.P., certification of the partial summary judgment was not effective because the partial summary judgment in this case did not completely dispose of a particular claim. Precision American, supra. Accordingly, this appeal must be dismissed as being from a nonfinal judgment. Poivell, supra.
APPEAL DISMISSED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.