PITTMAN, Judge.
In May 2004, Rhonda Steadman Hood sued Rodney Jawan Wilson and various fictitiously named defendants in the Jefferson Circuit Court. In her one-count complaint, Hood alleged that Wilson had, as a result of negligence “and/or” wantonness, allowed his automobile to collide with Hood’s motor vehicle so as to violently shake and toss her, as well as cause property damage to her vehicle, loss of part of the vehicle’s value, loss of use of her vehicle, and emotional distress; she sought an unspecified amount of damages from Wilson. After Wilson had answered the complaint, Hood filed a motion for a partial summary judgment as to whether she had suffered compensable personal injuries and a loss in her motor vehicle’s value; in support of that motion, she filed, among other things, her own affidavit in which she testified that her head had been forced forward by the impact of the collision of the two automobiles and that she had suffered lower-back pain, right-leg numbness, and a neck-muscle strain in addition to having been “frightened” by the impact. Wilson responded to that motion and also filed a motion for a partial summary judgment, alleging that Hood had not suffered any bodily injury and that Wilson was not guilty of wanton conduct. Hood voluntarily withdrew her allegation of wantonness as a component of her response to Wilson’s partial-summary-judgment motion, but opposed the motion insofar as it challenged her having suffered personal injuries.
On July 6, 2005, after a hearing, the trial court entered an order that, in pertinent part, denied Hood’s motion and granted Wilson’s motion. In response to the trial court’s order, Hood filed a motion requesting that the trial court set aside that order denying an award of damages as to her claimed personal injuries or, in the alternative, that that court direct, pursuant to Rule 54(b), Ala. R. Civ. P., the entry of a final judgment as to her right to recover damages for her claimed personal injuries. On December 29, 2005, the trial court entered an order denying Hood’s motion, but stating that its order of July 6, 2005, “which granted partial summary judgment in favor of [Wilson] and against [Hood] on [Hood’s] claim of negligence as to personal injuries[J should be and is hereby made final pursuant to [R]ule 54(b).” Hood filed a notice of appeal on January 13, 2006; the Alabama Supreme Court transferred her appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Although Hood contends on appeal that the trial court erred in determining that she could not recover personal-injury damages, we agree with Wilson that this court does not have jurisdiction to reach the merits of Hood’s appeal notwithstanding the trial court’s invocation of Rule 54(b), Ala. R. Civ. P., in an effort to confer finality upon its July 6, 2005, order. Although Rule 54(b) authorizes a trial court to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties,” Rule 54(b) ap *333 plies “only where the trial court ‘has completely disposed of one of a number of claims, or one of multiple parties.” Tanner v. Alabama Power Co., 617 So.2d 656, 656 (Ala.1993) (quoting Rule 54, Ala. R. Civ. P., Committee Comments on 1973 Adoption and adding emphasis). Specifically, Rule 54(b) does not allow the direction of a final judgment as to only one aspect of damages arising from a single claim. See Waiters v. Autry Greer & Sons, Inc., 784 So.2d 1068, 1070 (Ala.Civ.App.2000) (dismissing appeal from partial-summary-judgment order entered in premises-liability action addressing only compensability of injury to plaintiffs head, noting that when a plaintiff “ ‘is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented’ ” and Rule 54(b) does not apply)-
Here, the trial court has adjudicated only Hood’s right to recover one class of damages (i.e., personal-injury damages) allegedly flowing from the collision that, Hood says, resulted from Wilson’s negligent acts or omissions. In doing so, however, the trial court has retained jurisdiction to determine whether Hood should recover other damages she has claimed with respect to her motor vehicle allegedly arising from that same claimed negligence, including direct repair costs, consequential loss of value, and loss-of-use damages. As the Supreme Court noted in Ex parte Simmons, 791 So.2d 371, 381 (Ala.2000), in vacating this court’s affirmance of a trial-court order barring recovery of extracon-tractual damages in a particular civil action, “Rule 54(b) applies only to entire claims, not to orders relating to the recov-erability of some, but not all, of the damages a party may be seeking as the result of a claim.”[1] Just as one may not properly speak of a “punitive damages claim,” see Haynes v. Alfa Fin. Corp., 730 So.2d 178, 181 (Ala.1999), no separate “bodily injury claim” may properly be said to exist in this case.
As in Waiters, “[w]e conclude that the trial court’s ... certification of the partial summary judgment was not effective because the partial summary judgment in this case did not completely dispose of a particular claim”; thus, “this appeal must be dismissed as being from a nonfinal judgment.” 784 So.2d at 1070. We would emphasize, however, that in dismissing the appeal, we express no opinion concerning the correctness of the trial court’s July 6, 2005, order as a matter of substantive law.
APPEAL DISMISSED.
CRAWLEY, P. J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.

. Simmons suggests that the proper method of seeking review of interlocutory orders concerning the recoverability of elements of damages as to a single claim is via a petition to the Alabama Supreme Court for a discretionary permissive appeal pursuant to Rule 5, Ala. R.App. P. 791 So.2d at 381.