# In The United States Court Of Appeals
## For The Fifth Circuit

No. 05-30377

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2008

Charles R. Fulbruge III
Clerk

FEDERAL DEPOSIT INSURANCE CORPORATION,
          Plaintiff,

v.

RORY S. MCFARLAND; ET AL.,
          Defendants,

v.

DAVID L. JUMP,
          Third Party Defendant - Appellant,

v.

DENNIS JOSLIN CO., L.L.C.,
          Movant - Appellee.

_____

DAVID L. JUMP,
          Plaintiff - Appellant,

v.

CHEVRON USA INC, both for itself and as successor in interest by merger to
Texaco Exploration and Production, Inc.,
          Intervenor Plaintiff - Appellee,

v.

RORY S. MCFARLAND; ET AL.,
          Defendants

v.

DENNIS JOSLIN CO., L.L.C.,
              Intervenor Defendant - Appellee,

v.

AMERICAN MILLING, L.P.,
              Intervenor Defendant - Appellant.

---

Appeals from the United States District Court
For the Western District of Louisiana
USDC No. 5:01-CV-2093
USDC No. 5:91-CV-2531

---

Before BARKSDALE, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Jump and American Milling, L.P. appeal two adverse district court orders regarding the sale of and proceeds from an offshore mineral lease. The district court certified the two orders as final pursuant to rule 54(b) of the Federal Rules of Civil Procedure. We hold that the district court improperly certified the orders as final, and we therefore dismiss this appeal for lack of jurisdiction.

This dispute has a long and complicated history. For our purposes, however, we need only the basic facts. David Jump and Dennis Joslin have each at various times asserted their alleged rights as priority lien holders to property interests of Rory McFarland. Jump's claims are based on a 1991 judgment against McFarland from the United States District Court for the Western

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

District of Colorado, which Jump subsequently registered in the Western District of Louisiana. Pursuant to his 1991 judgment, Jump collected proceeds attributable to McFarland's interest in an offshore oil and gas lease, OCS-310. Jump later purchased McFarland's interest in OCS-310 pursuant to a seizure and sale in execution of his judgment.

Joslin's claims, on the other hand, are based on a 1984 mortgage and assignment from McFarland of certain onshore oil and gas leases, and on a 1993 judgment against McFarland from the Western District of Louisiana. Pursuant to the 1984 mortgage, Joslin sought to foreclose on McFarland's interests in the onshore oil and gas leases. Jump intervened and objected to the foreclosure and sale, arguing that his 1991 judgement primed Joslin's 1984 mortgage because the mortgage had been reinscribed after the requisite 10-year period under Louisiana law. On appeal, this court held in FDIC v. McFarland (McFarland II) that Jump's 1991 judgment could not prime Joslin's 1984 mortgage because Jump's registered judgment in Louisiana was based on a non-final Colorado judgment and was therefore premature.[1]

After McFarland II, Joslin filed a third-party complaint to annul the Marshal's sale of OCS-310 to Jump. He argued that McFarland II held that Jump's 1991 judicial lien on OCS-310 is invalid, and that therefore his 1993 judgement against McFarland is the only valid lien on OCS-310. Joslin claimed that he is entitled to an unraveling of the Marshal's sale as well as disgorgement of any proceeds attributable to McFarland's interest in OCS-310 that had been previously distributed to Jump. Joslin filed a motion for partial summary judgment declaring the 1996 Marshal's sale to be a nullity, and the district court granted the motion in 2003 (the "2003 order"). In 2004, the district court issued

---

[1] 243 F.3d 876, 892 (5th Cir. 2001) (McFarland II).

another order (the "2004 order") directing the proceeds attributable to McFarland's and Jump's interests in OCS-310 to be deposited with the Clerk of the Court, who is to withhold distribution of the funds until further order. On motions from the parties, the court certified both the 2003 and 2004 orders as final pursuant to rule 54(b). Jump appeals.

In resolving this case, we need not look past the issue of jurisdiction. Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." The rule was adopted to avoid the injustice to a party that would result from a delay in the appeal.[2] But it was not intended "to overturn the settled rule against piecemeal appeals," nor should it be used routinely.[3] We review a district court's grant of a rule 54(b) certification for an abuse of discretion.[4]

Joslin's third-party claim alleged that the sale of OCS-310 to Jump was null and void. Joslin requested an unraveling of the sale, as well as disgorgement of any proceeds Jump had already collected. Although Joslin asserts that he is entitled to multiple forms of relief, he has only asserted one claim.[5] The 2003 order addressed part of Joslin's claim by declaring that the sale of OCS-310 was null and void. But the order did not address Joslin's request for disgorgement. In other words, the 2003 order did not dispose of the

---

[2]Page v. Gulf Oil Corp., 775 F.2d 1311, 1313 n.2 (5th Cir. 1985).

[3]Id.

[4]PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist., 81 F.3d 1412, 1421 (5th Cir. 1996).

[5]See Monument Mgmt. Ltd. P'ship I v. City of Pearl, 952 F.2d 883, 885 (5th Cir. 1992) ("[W]hen a plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented . . . .") (per curiam) (quotation omitted).

entirety of Joslin's claim, because it did not address Joslin's request for the recovery of the funds allegedly improperly distributed to Jump.[6]  Since only a "fully adjudicated whole claim" can be certified under Rule 54(b), the district court abused its discretion in certifying the order as final.[7]

The 2004 order suffers from the same deficiency.  Joslin claims that he waived his right to disgorgement by stating in a memorandum pleading that "the right to assert such claim in this case is waived."  He argues that this alleged waiver means that the 2004 order fully disposes of his claim.  However, Joslin never amended his pleading nor obtained any order dismissing his request for disgorgement.  In the absence of any dispositive order or amended pleading, the request for disgorgement was still technically a part of his live complaint when the district court certified the 2004 order.  Therefore, the 2004 order, like the 2003 order, does not dispose of the entirety of any single claim, and it should not have been certified under rule 54(b).

Additionally, in the absence of a rule 54(b) certification for the 2003 order, the district court should not have certified the 2004 order.  When "deciding whether there are no just reasons [for] delay . . . , a district court must take into account judicial administrative interests as well as the equities involved."[8]  The 2004 order declared, inter alia, that Joslin is the only person who holds any kind of lien on OCS-310.  This order was predicated, at least in part, on the 2003 order declaring that Jump's purchase of OCS-310 is a nullity and that Joslin has a superior interest to OCS-310 in the form of the 1993 judgment.

---

[6]See Landry v. G.B.A., 762 F.2d 462, 464 (5th Cir. 1985) (per curiam).

[7]Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., Inc., 813 F.2d 81, 84 (5th Cir. 1987) (emphasis removed).

[8]Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).

Allowing the certification of the 2004 order while not also doing the same for the predicate 2003 order fails to "take into account judicial administrative interests" because it authorizes the piecemeal appeal of related issues.[9] It could also result in complex and possibly "inequitable" res judicata effects if and when the 2003 order is later appealed as part of a final judgment.[10] Moreover, it would be inconsistent with the district court's explicit wishes to "avoid proceeding with the seizure and sale of . . . OCS-310 . . . until all appeal delays have run and no appeals have been filed as to the Court's previous ruling relating to the validity and ranking of mortgages and seizures, . . . or until the United States Court of Appeals for the Fifth Circuit has ruled on the validity of this Court's July 2003 Order and August 27, 2004 Order." Accordingly, we hold that both the 2003 and 2004 orders were not properly certified under rule 54(b).

Since there are no appealable judgments, we DISMISS this appeal.

---

[9]Id.

[10]See id. (requiring the court to take into account the "equities involved").