

**In the**
**Missouri Court of Appeals**
**Western District**

| | |
|---|---|
| **PHILIP STRATMAN,** ) | |
| ) | |
| **Appellant,** ) | |
| ) | **WD86448** |
| **v.** ) | **OPINION FILED:** |
| ) | **JUNE 25, 2024** |
| **ALLSTATE FIRE AND CASUALTY** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Respondent.** ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Marco A. Roldan, Judge**

**Before Division One: Lisa White Hardwick, Presiding Judge, Alok Ahuja, Judge,**
**and Anthony Rex Gabbert, Judge**

Philip Stratman appeals the partial judgment of the Jackson County Circuit Court which found that non-economic damages are not recoverable for the tort of bad faith failure to settle. He challenges this judgment in one point on appeal. The appeal is dismissed for lack of final judgment.

## Facts[1]

In February 2014, Philip Stratman was involved in a car accident in Jackson County, Missouri that resulted in paralysis to Steven Holdeman. At the time of the accident, Stratman was insured by a policy issued by Allstate Fire and Casualty Insurance

---

[1] Much of the initial recitation of facts is taken verbatim from *Allstate Fire and Cas. Ins. Co. v. Stratman*, 620 S.W.3d 228 (Mo. App. W.D. 2020).

Company ("Allstate") with coverage limits of $100,000 for each person and $300,000 for each occurrence. Stratman alleges that Steven Holdeman and his wife Sarah Holdeman ("the Holdemans") offered to settle their claims against Stratman for the applicable coverage limits of his Allstate policy, but Allstate rejected their offer. Allstate admits that the Holdemans offered to settle their claims within the amount of Stratman's insurance coverage, but it denies that it rejected that offer.

In October 2014, the Holdemans filed a lawsuit against Stratman[2] in the Jackson County Circuit Court. In December 2016, a judgment was entered against Stratman in the amount of $34,311,833.22,[3] plus post-judgment interest.[4] In March 2017, the Holdemans sought to collect the proceeds of Stratman's Allstate policy by filing an action in the Jackson County Circuit Court pursuant to Missouri's equitable garnishment statute, section 379.200, RSMo, naming both Stratman and Allstate as defendants.

In June 2018, Stratman filed a cross claim against Allstate alleging that it committed the tort of bad faith refusal to settle and breached numerous fiduciary duties it owed him in its response to the Holdemans' insurance claim and lawsuit against him. Stratman alleges that Allstate caused him to suffer a judgment far in excess of his

---

[2] The suit was brought against Stratman as well as others involved in the accident.

[3] The judgment was against Stratman and in favor of Steve Holdeman for $28,196,248.41 and in favor of Sarah Holdeman for $6,115,584.81 for their injuries and pre-judgment interest.

[4] That judgment was affirmed by this court in *Holdeman v. Stratman*, 556 S.W.3d 46 (Mo. App. W.D. 2018).

2

insurance coverage. He further claims that Allstate's conduct caused him to suffer damage to his credit, stress, emotional distress, attorney fees, and a fear of bankruptcy. During the course of the litigation, Allstate settled with the Holdemans and satisfied the tort judgment against Stratman. In July 2018, the Holdemans dismissed all their claims with prejudice. This left Stratman's cross claim as the only remaining cause of action. In October 2018, the Holdemans filed a satisfaction of the December 2016 judgments and forever discharged Stratman from any and all liability.

In May 2019, Allstate filed a motion to apply Kansas law to Stratman's cross claim. Stratman opposed the motion. In July 2019, the trial court entered an order holding that Kansas law would apply to all substantive issues in the case. In July 2019, Allstate filed a motion for judgment on the pleadings and a motion for summary judgment. It argued that Kansas does not recognize tortious causes of action for insurance claims. It concluded that Stratman could only collect the amount of the judgment against him as breach of contract damages. Since that judgment had been satisfied, Allstate argued that Stratman no longer had a cause of action against Allstate under Kansas law.

In August 2019, Stratman filed a motion asking the trial court to reconsider its order to apply Kansas law. In February 2020, the trial court entered a judgment denying Stratman's motion to reconsider the order to apply Kansas law, granting Allstate's motion for judgment on the pleadings, and granting Allstate's motion for summary judgment. This court reversed that judgment and remanded to the trial court for it to determine

which state had the most significant relationship under the test set forth in Restatement (Second) of Conflict of Laws § 145 (1971). *Allstate Fire and Cas. Ins. Co. v. Stratman*, 620 S.W.3d 228, 234-35 (Mo. App. W.D. 2020).[5] In October 2022, the trial court determined that Missouri law applied to the claims.

In March 2023, Allstate filed a motion for judgment on the pleadings. The motion stated: "This Motion presents a simple and wholly legal issue – can Stratman claim non-economic damages, such as emotional distress, in this bad faith failure to settle action. As a matter of law, the answer to this question is no." Allstate argued that *Scottsdale Ins. Co. v. Addison Ins. Co,* 448 S.W.3d 818 (Mo. banc 2014), "expressly held that the bad faith failure to settle cause of action is a property tort and not a personal tort. And the law is clear that non-economic damages are not recoverable for property torts." Also in March 2023, Stratman filed suggestions in opposition, and Allstate filed its reply in support of its motion. In April 2023, Stratman filed a sur-reply to the motion.

In July 2023, the trial court entered "Partial Judgment" which granted Allstate's motion. Citing *Scottsdale Ins. Co. v. Addison Ins. Co*, the trial court entered judgment on the pleadings in favor of Allstate and against Stratman as to all of Stratman's claims for non-economic damages. The trial court found that there was no just reason for delay of the appeal pursuant to Rule 74.01(b).

---

[5] Application for transfer to the Missouri Supreme Court was denied in May 2021.

Stratman appeals to this court.[6]

## Jurisdiction

"The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Wilson v. City of St. Louis*, 600 S.W.3d 763, 767 (Mo. banc 2020) (internal quotation marks omitted). "Although many statutes govern the right to appeal, the only statute even potentially applicable to the present case is section 512.020(5), which provides that 'final judgments' are appealable." *Id.* (internal quotation marks omitted). "[A] judgment is a legally enforceable judicial order that fully resolves at least one claim in a lawsuit and establishes all the rights and liabilities of the parties with respect to that claim." *Id.* at 768 (internal quotation marks omitted).

"[A] judgment can be appealable as a 'final judgment' under section 512.020(5) if it resolves every claim (or, at least, the last unresolved claim) in a lawsuit." *Id.* "But that is not the only type of judgment that qualifies as a 'final judgment' under section 512.020(5)." *Id.* Rule 74.01(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination,

---

[6] The Missouri Association of Trial Attorneys has filed an Amicus Curiae brief with this court in support of Stratman's argument that non-economic damages, including damages for emotional distress, are recoverable on a claim for bad faith failure to settle under Missouri law. Additionally, the Missouri Organization of Defense Lawyers has filed an Amicus Curiae brief with this court in support of Allstate's argument that non-economic damages, including damages for emotional distress, are not recoverable on a claim for bad faith failure to settle under Missouri law.

5

any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

"The second sentence of this rule restates the general rule that a judgment resolving one or more claims but leaving one or more claims unresolved is not a 'final judgment' for purposes of section 512.020(5)…." *Wilson*, 600 S.W.3d at 768. "[B]ecause it is interlocutory only, [the judgment] can be revised or withdrawn at any time prior to the entry of a judgment resolving the last of the claims in the lawsuit." *Id*.

The first sentence of Rule 74.01(b), however, states an exception to this general rule: the circuit court may certify for immediate appeal a "judgment as to one or more but fewer than all of the claims or parties" if the court expressly finds there is no just reason for delaying the appeal until all claims are resolved.

*Id*. "But this Court has never construed the phrase 'final judgment' in section 512.020(5) so broadly as to allow certification under Rule 74.01(b) of every judgment resolving one or more (but fewer than all) the claims in a lawsuit." *Id*. at 768-69. "To do so would make 'judgment' and 'final judgment' synonymous, i.e., it would give no meaning to the word 'final' in the statute." *Id*. at 769. "Instead, such a judgment must be 'final' in some sense, even if it is not final in the sense of resolving all claims (or the last claim) in a lawsuit." *Id*. "As a result, this Court has held the phrase 'final judgment' in section 512.020(5) extends only to judgments that are final with respect to a 'judicial unit' of claims in a lawsuit." *Id*. "Said another way, a judgment resolving one or more claims but

6

leaving one or more claims unresolved is eligible for certification under Rule 74.01(b) as a 'final judgment' for purposes of section 512.020(5) only if it disposes of a 'judicial unit' of claims." *Id*.

"The first key to understanding whether a judgment disposes of a 'judicial unit' of claims and, therefore, is eligible to be certified for immediate appeal under Rule 74.01(b), lies in the language of the rule itself." *Id*. "A judgment is eligible for such certification if it is 'a judgment as to one or more but fewer than all of the claims or parties[.]'" *Id*. (quoting Rule 74.01(b)). "Accordingly, the first alternative meaning of 'judicial unit' is a judgment that disposes of all claims by or against one or more – but fewer than all – of the parties." *Id*. "Such a judgment is a 'final judgment' – as [stated] in section 512.020(5) – because the judgment resolves all of the claims in a lawsuit from the point of view of at least one party, even though other claims by or against other parties remain to be resolved." *Id*. "The second alternative meaning of 'judicial unit' is a judgment that resolves one or more claims that are *distinct* from those claims that remain to be resolved." *Id*. at 770 (emphasis in original). "[A] judgment resolves a 'distinct' judicial unit if it resolves claims that do not arise from the same set of facts, and the same transactions and occurrences, as the counts yet to be disposed of in the circuit court." *Id*. (internal quotation marks omitted).

Allstate filed a motion to dismiss with this court that was taken with this case arguing that this court lacks jurisdiction because there is no final judgment. Stratman filed a response to the motion to dismiss, and both parties address this issue in their

7

briefs. Stratman notes that this is the third time a case arising from the 2014 accident has been in front of this court. Stratman argues that the issue presented in this case impacts every other case involving the tort of bad faith refusal to settle. He states that this court's failure to rule on his appeal will force the parties "to suffer the time and expense of two trials—one now, and another after a resulting appeal—rather than a single trial with absolute certainty regarding the proper scope of the damages allowed for the tort of bad faith refusal to settle." These reasons are why, according to Stratman, the trial court certified that this matter is appropriate for an immediate interlocutory appeal, subject to Rule 74.01(b). Stratman states "usually only a 'final judgment' can be appealed … [b]ut Rule 74.01(b) provides an exception to this general rule."

Rule 74.01(b) is not an exception to the statutory requirement that a judgment must be final to be appealed. The Missouri Supreme Court was clear:

> In sum, therefore, a "final judgment" for purposes of section 512.020(5) must satisfy the following criteria. First, it must be a judgment (i.e., it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim). Second, it must be "final," either because it disposes of all claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b). *A judgment is eligible to be certified under Rule 74.01(b) only if it disposes of a "judicial unit" of claims, meaning it: (a) disposes of all claims by or against at least one party, or (b) it disposes of one or more claims that are sufficiently distinct from the claims that remain pending in the circuit court. Determining whether these criteria are met is a question of law and depends on "the content, substance, and effect of the order," not the circuit court's designation.*

8

*Wilson*, 600 S.W.3d at 771 (emphasis added). Allstate and Stratman are the only two parties still in this case. Thus, the trial court's partial judgment did not dispose of all claims by or against at least one party since there is still at least one claim pending before the trial court.

The only other way the partial judgment would have been eligible to be certified under Rule 74.01(b) is if it disposed of one or more claims that are sufficiently distinct from the claims that remain pending in the trial court. It did not. The partial judgment in this case only addressed the availability of one type of damages (non-economic damages) for the tort of bad faith failure to settle. That tort, however, is still pending before the trial court. The partial judgment did not resolve a claim that is distinct from the claim still pending before the trial court. *See Wilson*, 600 S.W.3d at 770 ("[A] judgment resolves a 'distinct' judicial unit if it resolves claims that do not arise from the same set of facts, and the same transactions and occurrences, as the counts yet to be disposed of in the circuit court." (internal quotation marks omitted)); *Blackwell v. CSF Properties 2 LLC*, 443 S.W.3d 711, 715 (Mo. App. E.D. 2014) ("Because Plaintiff's theories of negligence and negligence per se arise from the same fact situation, they comprise a single judicial unit."); *Duncan v. Missouri All. for Children and Families*, 387 S.W.3d 389, 392 (Mo. App. W.D. 2012) ("An order dismissing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation." (internal quotation marks omitted)).

"An element of a single claim may not be separately appealed even if the trial court designates it as final and appealable." *Jensen v. Howard*, 926 S.W.2d 77, 78 (Mo. App. W.D. 1996) (internal quotation marks omitted). "A judgment which does not resolve all legal issues as to any single claim for relief is not final even if the trial judge designates it as such." *Id*. "[A]n action seeking both actual and punitive damages resulting from the same tort constitutes a single claim." *Id*. (internal quotation marks omitted). "That a petition seeks punitive damages in addition to other relief does not transform it into an action seeking 'more than one claim for relief' under Rule 74.01(b)." *Id*. "Similarly, a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b)." *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). "[T]he courts have defined a claim as an assertion of one legal right, even though multiple forms of damages or other legal relief may be sought." *Team, Inc. v. Schlette*, 814 S.W.2d 12, 14 (Mo. App. E.D. 1991) ("In this case the claim for breach of the covenant not to compete is a single claim because it asserts one legal right. It is irrelevant that multiple remedies were sought for the alleged violation of that right."); *see also Davis v. Dolgencorp, Inc.*, 774 S.W.2d 565, 567 (Mo. App. E.D. 1989) ("Plaintiffs seek to enforce a single legal right, the recovery of damages for injuries resulting from one incident, even though the damages sought may be predicated upon different elements. Because the petition does not present 'more than one claim for relief', Rule 74.01(b) is inapplicable.").

The partial judgment in this case did not dispose of all claims by or against at least one party and did not dispose of one or more claims that are sufficiently distinct from the claims that remain pending in the trial court. It was not eligible to be certified under Rule 74.01(b). The partial judgment is not final.

Stratman argues that there is a judicial economy exception to the final judgment requirement. "Missouri's Constitution expressly states that the Missouri Supreme Court 'shall be the highest court in the state' and that its 'decisions shall be controlling in all other courts.'" *Doe v. Roman Catholic Diocese of St. Louis*, 311 S.W.3d 818, 822 (Mo. App. E.D. 2010) (quoting Mo. Const. art. V, Section 2). "As such, we are constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court, and inquiries questioning the correctness of such a decision are improper." *Id*. (internal quotation marks omitted).

This court is bound by *Wilson* and its in depth discussion of what constitutes a final judgment. While judicial economy can be considered when a trial court determines whether to certify a judgment under Rule 74.01, judicial economy is not an exception to the statutory and jurisdictional requirement that the judgment be final. *See Wilson*, 600 S.W.3d at 771. The Missouri Supreme Court has been abundantly clear about this:

> In the end, the parties' arguments have the air of pleas to equity or judicial economy. The Court understands the parties believe it would be easier and more efficient to allow the circuit court to address the … petition one claim at a time, with this Court reviewing the resolution of each claim one by one. But this Court does not decide what can and cannot be appealed. The legislature does, and, in this case, the Court is bound by the language of

11

section 512.020(5) and the interpretation already given to the phrase "final judgment" found in that statute.

*Jefferson Cnty. 9-1-1 Dispatch v. Plaggenberg*, 645 S.W.3d 473, 477 (Mo. banc 2022); *see also Barnett v. Forster*, 687 S.W.3d 21, 26 (Mo. App. E.D. 2024) ("[E]ven if … judicial economy could be promoted by certification of an interlocutory order as final, unless the interlocutory order disposes of a distinct 'judicial unit,' the order cannot be properly certified as final pursuant to Rule 74.01(b), rendering this court without jurisdiction to entertain an appeal…." (internal quotation marks omitted)). Stratman simply cannot get around the fact that the judgment in this case is not final. This court lacks jurisdiction.

## Conclusion

The appeal is dismissed.

_____
Anthony Rex Gabbert, Judge

All concur.