Mark TALBOT and Cynthia Talbot,
Plaintiffs/Appellants,

v.

UNION ELECTRIC CO. d/b/a Ameren Ue, Defendant/Respondent, and Rustgo Co., et al., Defendants.

No. ED 85496.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 8, 2005.

W. Morris Taylor, Clayton, MO, for appellant.

James J. Virtel, Ken P. Schnurbusch, Jerry R. Wilding, Lyndon P. Sommer, St. Louis, MO, for respondent.

GEORGE W. DRAPER III, Chief Judge.

Mark Talbot and Cynthia Talbot (Appellants) appeal from the trial court's partial summary judgment entered in favor of Ameren UE. Because there is no final, appealable judgment, we dismiss the appeal.

This case is a personal injury action for damages arising out of an electric shock that Appellant Mark Talbot suffered while moving a mobile work platform on a construction project where he was working. The platform came into contact with overhead electric wires, which caused Mark Talbot to suffer injuries. He and his wife filed suit against multiple defendants, alleging various acts of negligence by the defendants. The multiple defendants included: (1) Rustgo Co, who manufactured the mobile work platform; (2) Nelson King, Inc., who distributed the platform; (3) Frank Lim and Unitherm Furnace

Corp., the property owner and general contractors; (4) Dallas Brock, Mark Talbot's co-worker; and (5) Ameren UE, who owned and operated the overhead power lines.[1]

In Count I for negligence, Appellants asserted that Ameren UE breached its duty to use the highest degree of care to protect Mark Talbot from reasonably anticipated dangers involving their power lines. The Appellants then listed five different ways in which Ameren UE breached this duty, including in paragraph 20(c) that Ameren UE "carelessly and negligently failed to insulate, isolate, cover or de-energize their electrical lines after having received actual notice that construction would occur in close proximity to their power lines...." Ameren UE filed a motion for partial summary judgment, arguing that Appellants were judicially estopped from arguing the allegations in paragraph 20(c), because Mark Talbot took a contrary position in his workers' compensation proceeding.

On June 8, 2004, the trial court entered an order granting Ameren UE's motion for partial summary judgment with regard to the claim in paragraph 20(c) of the Appellants' petition. Appellants filed a motion to reconsider. On November 15, 2004, the trial court entered an "Order and Judgment" denying Appellants' motion to reconsider. Appellants then filed this appeal.

■ Although neither party has questioned appellate jurisdiction, this Court must determine its jurisdiction *sua sponte*. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). A party may only appeal from a final judgment, one that disposes of all parties and claims in the case and leaves nothing for future determination. *American Family Mut. Ins. Co. v. Lindley,* 112 S.W.3d 449, 451 (Mo.App. E.D. 2003). A judgment as to fewer than all claims may be certified for appeal if the trial court expressly designates that "there is no just reason for delay." *Id.* Here, the majority of claims raised in Appellants' petition are still pending. Claims remain pending against Ameren UE and all of the other defendants. In addition, the trial court did not certify its judgment for appeal under Rule 74.01(b). Therefore, there is no final judgment.

■ Moreover, even if the trial court had certified the partial summary judgment for appeal under Rule 74.01(b), the judgment in question does not appear to resolve at least one claim for relief. *Committee for Educational Equality v. State,* 878 S.W.2d 446, 450–51 (Mo. banc 1994). A claim for relief is the aggregate of operative facts giving rise to a right enforceable by a court. *Blechle v. Goodyear Tire & Rubber Co.,* 28 S.W.3d 484, 487 (Mo. App. E.D.2000). A ruling on any issue that does not finally dispose of a single claim is not a "judicial unit" for appeal and cannot serve as the foundation for a final judgment. *Id.* The required judicial unit for appeal is " 'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.' " *Gibson,* 952 S.W.2d at 244, *quoting State ex rel. State Hwy. Comm'n v. Smith,* 303 S.W.2d 120, 123 (Mo.1957).

Here, the partial summary judgment in question applied only to paragraph 20(c) of the Appellants' petition, which alleged negligence for failing to insulate, isolate, cover or de-energize the electrical lines after receiving actual notice that construction

---

**1.** Appellants also brought suit against another defendant, Bax Engineering Co., but voluntarily dismissed it.

would occur in close proximity thereto. In Count I against Ameren UE, there remain four additional allegations of negligence that remain to be ruled upon. Accordingly, the partial summary judgment in question rules only on one issue arising out of the same transaction and occurrence, but fails to dispose of a separate or distinct claim.

We issued an order directing Appellants to show cause why this appeal should not be dismissed. Appellants have not filed a response. Without a final judgment, this Court is without jurisdiction to consider this appeal. Accordingly, the appeal is dismissed.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.