Tyrica FOWLER, et al.,
Plaintiffs/Appellants,

v.

Reverend Maurice NUTT, Mark Smith, Steven Roberts, and Edward Roth, in their official capacities as members of the Board of Police Commissioners of the City of St. Louis, Defendants/Respondents,

and

Terry Martin and Antonio Robinson, Defendants.

No. ED 85182.

Missouri Court of Appeals, Eastern District, Division Five.

April 19, 2005.

Larry D. Coleman, Raytown, MO, for appellants.

John M. Roodhouse, Jefferson City, MO, for respondents.

GEORGE W. DRAPER III, Chief Judge.

Tyrica Fowler, individually and as next friend for her minor sons (Appellants), appeals from the trial court's summary judgment entered in favor of the Board of Police Commissioners of the City of St. Louis (Board). Because there is no final, appealable judgment, we dismiss the appeal.

This case is a personal injury action for damages arising out of a car accident in which Appellant Tyrica Fowler's son was killed and she and her two other sons were injured. Appellant's car was hit by a car being driven by either Terry Martin or Antonio Robinson, suspects who were being chased by police. Appellants filed suit against the Board, as well as Martin and Robinson. On May 13, 2004, the trial court entered an order and judgment granting the Board's motion for summary judgment, concluding that Appellants' claims were barred by sovereign immunity. On June 14, 2004, Appellants filed a motion to vacate, re-open, correct, amend or modify the judgment, which the trial court never ruled upon. Appellants then filed this appeal.

In an unusual procedural posture, Appellants have filed a "Motion to Determine Jurisdiction of the Court of Appeals." In their motion, Appellants assert this Court does not have jurisdiction of their appeal, because the trial court's judgment failed to dispose of all parties in the case. Appellants point out that their claims against Terry Martin and Antonio Robinson have yet to be resolved. The Board has not filed any objection or response to the Appellants' motion.

A party may only appeal from a final judgment, one that disposes of all parties and claims in the case and leaves nothing for future determination. *American Family Mut. Ins. Co. v. Lindley*, 112

S.W.3d 449, 451 (Mo.App. E.D.2003). A judgment as to fewer than all claims may be certified for appeal under Rule 74.01(b) if the trial court expressly designates that "there is no just reason for delay." *Id.*

 Here, Appellants brought suit against the Board of Police Commissioners, as well as Terry Martin and Antonio Robinson, who were the suspects being chased by police. The minute entries show both Martin and Robinson were served.[1] It appears they have not filed an answer or appeared to defend the claims against them. However, there is nothing in the record on appeal to indicate that the claims against Martin and Robinson have been resolved either by default judgment or otherwise. Therefore, the trial court's judgment of 5/13/04 is only a partial summary judgment in favor of the Board. In addition, the trial court did not certify its judgment for appeal under Rule 74.01(b) and there is no final judgment.

Without a final judgment, this Court is without jurisdiction to consider this appeal. Accordingly, the appeal is dismissed.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.

---

1. The minute entries also show entries of appearance for attorneys purporting to represent Martin and Robinson. However, those entries were for the attorneys from the City Counselor's Office who were representing the Board. There is nothing in the record to indicate these attorneys were also representing Martin and Robinson.