**John R. BOYCE, Plaintiff/Appellant,**

v.

**Mary Ann BOYCE, Defendant/Respondent.**

**No. ED 86482.**

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 6, 2005.

Joyce M. Capshaw, Clayton, MO, for respondent.

M. Zane Yates, Clayton, MO, for appellant.

GLENN A. NORTON, C.J.

John R. Boyce (Husband) appeals from a judgment dismissing his petition for annulment of his marriage to Mary Ann Boyce (Wife). Because there is no final, appealable judgment, we dismiss the appeal.

Husband filed a petition for annulment of his marriage to Wife. Wife filed a counter-petition for dissolution of marriage. She also filed a motion to dismiss Husband's petition for annulment. On June 10, 2005, the trial court granted Wife's motion to dismiss and dismissed Hus-

band's petition for annulment. Husband filed this appeal.

■ An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and that leave nothing for future determination. Rule 74.01(b); *O'Neill v. O'Neill,* 864 S.W.2d 7, 8 (Mo.App. E.D.1993). If the trial court does not resolve all the issues as to all the parties or expressly designate "there is no just reason for delay" under Rule 74.01(b), then this Court does not have jurisdiction and the appeal must be dismissed. *Fleahman v. Fleahman,* 25 S.W.3d 162, 164 (Mo.App. E.D.1999). Here, the trial court's judgment only dismissed Husband's petition for annulment. Wife's counter-petition for dissolution of marriage remains pending with the trial court.

This Court issued an order directing Appellant to show cause why his appeal should not be dismissed for lack of a final, appealable judgment. Appellant has filed a response in which he argues that the dismissal of his petition is a judgment and that he will be prejudiced if this cannot be reviewed prior to the trial of the dissolution. Appellant correctly points out that he has a judgment as required by Rule 74.01(a). However, it is not a *final* judgment. In addition, his arguments concerning prejudice will not vest this Court with jurisdiction in the absence of a final judgment or certification under Rule 74.01(b).

The appeal is dismissed for lack of a final, appealable judgment.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concur.