**James GODFREY, Jr., and Gregory Fenlon, Plaintiffs/Respondents,**

v.

**TRIZECHAHN ST. LOUIS, L.L.C., Defendant/Appellant.**

**No. ED 87949.**

Missouri Court of Appeals, Eastern District, Division Five.

July 18, 2006.

James E. Godfrey, Jr., Gregory G. Fenlon, St. Louis, MO, for respondent.

Michael H. Musich, St. Louis, MO, for appellant.

GLENN A. NORTON, C.J.

Defendant Trizechahn St. Louis, L.L.C. (Trizechahn) appeals from a judgment in favor of Plaintiff James Godfrey (Godfrey) in his declaratory judgment action. Because there is no final, appealable judgment, we dismiss the appeal.

On July 21, 2004, Godfrey filed a declaratory judgment action against Trizechahn seeking a declaration that Trizechahn had constructively evicted Godfrey from his leased premises in the Metropolitan Building. Trizechahn filed a counterclaim against Godfrey for breach of lease and guaranty and third party claim against Godfrey's partner Gregory Fenlon (Fenlon). On October 14, 2005, the trial court entered a judgment in favor of both Godfrey and Fenlon on Trizechahn's counterclaim and third-party claim for breach of lease and guaranty. On December 22, 2005, Godfrey's declaratory judgment action went to trial. On March 13, 2006, the trial court entered a "partial judgment" finding in favor of Godfrey in his declaratory judgment action, concluding he had been constructively evicted from his leased premises. The trial court also ruled upon Trizechahn's motion to join Fenlon as a party plaintiff because he was necessary party. In the partial judgment, the trial court granted this motion, added Fenlon as a party plaintiff and gave him 20 days to file a petition. Fenlon filed this petition on March 16, 2006. Trizechahn filed its notice of appeal from the March 13th judgment on April 20, 2006.

Fenlon has filed a motion to dismiss this appeal as premature and for sanctions for frivolous appeal. Trizechahn has filed sug-

gestions in opposition. Fenlon has filed a reply to the suggestions. Fenlon asserts that there is no final, appealable judgment because the judgment in question also added him as a party plaintiff and directed him to file his petition within 20 days, which he did. As a result, Fenlon's claims are currently pending in the trial court. Trizechahn asserts that the March 13, 2006 judgment is final, because it resolved the final remaining claim in the declaratory judgment action filed by Godfrey.

An appellate court has jurisdiction only over final judgments that dispose of all parties and claims in the case and leave nothing for future determination. *Boyce v. Boyce,* 179 S.W.3d 403, 404 (Mo. App. E.D.2005). If the judgment does not either resolve all the issues as to all parties or expressly designate "there is no just reason for delay," the appeal must be dismissed. *Id.;* Rule 74.01(b). Here, the March 13, 2006 judgment did not resolve all of the claims in the case. It did resolve the declaratory judgment action filed by Godfrey, but it granted Trizechahn's own motion to add Fenlon as a party plaintiff because he was a necessary party. The judgment added Fenlon as a party plaintiff and directed him to file his petition within thirty days. Therefore, the claims filed by Fenlon remain pending in the trial court. Without a resolution of all claims and all parties, there is no final judgment.

Fenlon's motion to dismiss is granted.[1] The appeal is dismissed without prejudice for lack of a final, appealable judgment.

KATHIANNE KNAUP CRANE, J., and BOOKER T. SHAW, J., concurring.

---

1. Fenlon's companion motion for sanctions is     denied.