John KIRSCH and Michelle Kirsch,
Plaintiffs/Appellants,

v.

Stanley SAKABU, et. al, Defendants,

and

Regency Construction Company, Lanny Corley, and Frank Gruchalla,
Defendants/Respondents.

No. ED 88363.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 19, 2006.

David N. Damick, St. Louis, MO, for appellant.

Jeffry S. Thomsen, Russell F. Watters, David Allen Feltz, St. Louis, MO, for respondents.

BOOKER T. SHAW, C.J.

Plaintiffs John and Michelle Kirsch (Appellants) appeal from a judgment entered in favor of three defendants Regency Construction Company, Lanny Corley, and Frank Gruchalla (Respondents). Because there is no final, appealable judgment, we dismiss the appeal.

Appellants filed a nine-count petition against nine separate defendants. These defendants were Stanley Sakabu, Cindy Province, Regency Construction Company, Frank Gruchalla, Lanny Corley, Expert House Movers, Inc., St. John's Mercy, Allstate Insurance Company, and Thomas Krupp. On June 9, 2006, the trial court entered a judgment granting the motion to dismiss filed by the Respondents. The court concluded that the plaintiff John Kirsch was a statutory employee of Regency and could not maintain a common law action against Regency, its agents, employees or representatives. Appellants filed this appeal from that judgment.

Typically, an appellate court only has jurisdiction over final judgments that dispose of all issues and parties and leave nothing for future determination. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997); Rule 74.01(b). Any judgment adjudicating fewer than all claims or all parties does not terminate the action and it is subject to revision by the trial court at any time until final judgment. *Goodson v. National Sports and Recreation, Inc.,* 136 S.W.3d 98, 99 (Mo.App. E.D.2004). The trial court may certify for appeal a judgment as to fewer than all claims by expressly designating that "there is no just reason for delay" under Rule 74.01(b). *Boyce v. Boyce,* 179 S.W.3d 403, 404 (Mo. App. E.D.2005).

Based on the documents filed by Appellant, there are claims still pending in the trial court. The record shows that the medical negligence claims against Sakabu and St. John's were dismissed on December 14, 2005. Plaintiffs dismissed the claims against Allstate and Krupp on December 21, 2005. The judgment of June 9, 2006 addressed only Respondents Regency, Gruchalla, and Corley. Therefore, the claims against Province and Expert Movers are still pending, as well as non-medical negligence claims against Sakabu. In addition, the court did not designate "there is no just reason for delay" in the appeal. Without the resolution of all counts or a designation under Rule 74.01(b), this Court is without jurisdiction. *Fowler v. Nutt,* 161 S.W.3d 894, 896 (Mo.App. E.D.2005).

This Court issued an order directing Appellants to show cause why their appeal should not be dismissed or providing Appellants an opportunity to have their judgment certified under Rule 74.01(b). Appellants have advised the Court that they

do not intend to respond to the order to show cause.

The appeal is dismissed without prejudice for lack of a final, appealable judgment.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., Concur.