**C. RALLO CONSTRUCTION COMPANY, Plaintiff/Appellant,**

v.

**COUNTY OF ST. LOUIS, Defendant/Respondent.**

No. ED 88216.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 26, 2006.

D. Lynn Whitt, Attorney, Chesterfield, MO, for appellant.

Christopher J. McCarthy, Attorney, Clayton, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

C. Rallo Construction Company (Rallo) appeals from a judgment entered in favor

of St. Louis County (County). Because there is no final, appealable judgment, we dismiss the appeal.

Rallo entered into a contract with County for construction of the Shaw Park Garage and Transit Center. After a dispute arose between the parties, Rallo filed suit against County in four counts: Count I–Breach of Contract; Count II–Breach of Implied Warranty of Plans and Specifications; Count III–Unjust Enrichment/Quantum Meruit; and Count IV–Negligent Misrepresentation. County filed a motion to dismiss all four counts. On May 25, 2006, the trial court entered a judgment granting the County's motion to dismiss as to Counts I, III, and IV of Rallo's petition, but denying the motion as to Count II. The trial court dismissed Counts I, III, and IV with prejudice. Rallo filed this appeal. This Court issued an order directing Rallo to show cause why its appeal should not be dismissed for lack of a final, appealable judgment. Rallo did not file a response.

 Typically, an appellate court only has jurisdiction over final judgments that dispose of all issues and parties and leave nothing for future determination. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997); Rule 74.01(b). Any judgment adjudicating fewer than all claims or all parties does not terminate the action and it is subject to revision by the trial court at any time until final judgment. *Goodson v. National Sports and Recreation, Inc.*, 136 S.W.3d 98, 99 (Mo.App. E.D.2004). The trial court may certify for appeal a judgment as to fewer than all claims by ex-

pressly designating that "there is no just reason for delay" under Rule 74.01(b). *Boyce v. Boyce*, 179 S.W.3d 403, 404 (Mo. App. E.D.2005). Without a final judgment or certification under Rule 74.01(b), this Court is without jurisdiction to consider this appeal. *Fowler v. Nutt*, 161 S.W.3d 894, 896 (Mo.App. E.D.2005).

Here, the trial court's judgment only resolved Counts I, III, and IV of Rallo's petition against County. Count II for Breach of Implied Warranty of Plans and Specifications remains pending in the trial court. Therefore, there is no final judgment that disposes of all claims and all parties in the case.[1]

The appeal is dismissed without prejudice for lack of a final, appealable judgment.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.

---

1. The trial court entered an order on June 22, 2006 staying a scheduling conference until after the appeal is concluded. This demonstrates one of the essential problems that the ban on interlocutory appeals is designed to prevent—delay in the judicial process. Counsel for Rallo's failure to respond to this Court's order to show cause by demonstrating any rationale for its appeal or by dismissing its obviously premature appeal causes further delay. This Court has sanctioned a party or attorney for frivolous appeal under Rule 84.19. *See, Waugh v. Vantage Homes, Inc.*, 155 S.W.3d 812, 813–14 (Mo.App. E.D.2005). However, County has not requested any sanctions.