Jennifer CARNEY, Appellant,

v.

James A. YEAGER and JR Entertainment, Inc., Respondents.

No. WD 67603.

Missouri Court of Appeals, Western District.

Aug. 21, 2007.

Stephen S. Wyse, Columbia, for appellant.

Michael S. Holder, Columbia, for respondent.

Before SPINDEN, P.J.,
BRECKENRIDGE and SMART, JJ.

PATRICIA BRECKENRIDGE, Judge.

Jennifer Carney appeals the order of the Boone County Circuit Court granting a motion to dismiss her claim against James Yeager and J.R. Entertainment, Inc., for tortious interference with a business relationship. Because there is no final and appealable judgment, Ms. Carney's appeal is dismissed.

### Factual and Procedural Background

Between 2000 and 2003, Jennifer Carney consistently worked on an independent contractor basis as an entertainer at Club Vogue, a Columbia gentlemen's club owned by J.R. Entertainment, Inc. Mr. Yeager is the registered agent and principal owner of J.R. Entertainment.

Ms. Carney alleges that in the early morning of July 4, 2003, while working at Club Vogue, Mr. Yeager approached her and grabbed her genitalia. Ms. Carney further alleges that, after she told management that she was leaving the club because Mr. Yeager made her feel uncomfortable, Mr. Yeager severely beat her in the women's dressing room. Because Mr. Yeager is the principal owner of J.R. Entertainment, Ms. Carney no longer felt safe working at Club Vogue and stopped working there.

Ms. Carney filed a petition in Boone County Circuit Court on August 26, 2005, and an amended petition on September 6, 2005, against both Mr. Yeager and J.R. Entertainment. The amended petition contained five counts: Count I–Battery, Count II–Assault and Battery, Count III–Intentional Infliction of Emotional Distress, Count IV–Tortious Interference with a Business Relationship, and Count V–Property Damage. On November 29, 2005, the circuit court dismissed Counts I and II because they were barred by the two-year statute of limitations, and dismissed Count III because it was predicated solely on the allegation of battery, which was time-barred.

Ms. Carney filed a second amended petition against Mr. Yeager and J.R. Entertainment on March 21, 2006. In that petition, Ms. Carney included two counts: Count I–Tortious Interference with a Business Relationship and Count II–Property Damage. Mr. Yeager and J.R. Entertainment subsequently filed a motion to dismiss Ms. Carney's second amended petition. On August 22, 2006, the circuit court granted the motion to dismiss with respect to Count I. Specifically, the circuit court found that because "an action for inducing a breach of contract will lie against only a third party, not a party to the subject contract," Ms. Carney failed to state a claim upon which relief can be granted. With respect to Count II, the circuit court granted Ms. Carney additional time to file a supplemental brief addressing the applicable statute of limitations. On September 6, 2006, the circuit court denied the motion to dismiss with respect to Count II. Ms. Carney filed this appeal for review of the circuit court's order to dismiss Count I.

## Lack of a Final and Appealable Judgment

Although neither party addresses the issue, this court must determine, *sua sponte,* whether it has jurisdiction over this appeal. *Comm. for Educ. Equal. v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). The Supreme Court stated that:

> This is not a matter of mere technical concern. Judicial integrity and restraint demand it. 'To avoid an arbitrary discretion in the courts, it is indispensable that they should be bound by the strict rules and precedents which serve to define and point out their duty in every particular case that comes before them.' Courts, no less than the citizens they serve, must abide the rules and precedents defining their jurisdiction. To do otherwise is to erode the very foundation of the rule of law.

*Id.* (citing THE FEDERALIST No. 23 (Alexander Hamilton)).

■ " 'A prerequisite to appellate review is that there be a final judgment.' If the trial court's judgments are not final, this [c]ourt lacks jurisdiction and the appeals must be dismissed." *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997) (citation omitted). To be final and appealable, a judgment must resolve "all issues in a case, leaving nothing for future determination." *Id.* Rule 74.01(b) provides an exception to the final judgment rule. *Id.* Rule 74.01(b) states:

> *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such

determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ In order for the circuit court to certify for appeal a judgment resolving fewer than all claims under Rule 74.01(b), the judgment must expressly designate that " 'there is no just reason for delay.' " *C. Rallo Constr. Co. v. County of St. Louis,* 202 S.W.3d 57, 58 (Mo.App. E.D. 2006) (citation omitted). Even if the court includes such language in the judgment, the certification is only effective "when the order disposes of a distinct 'judicial unit.' " *Gibson,* 952 S.W.2d at 244 (citation omitted). "Without a final judgment or certification under Rule 74.01(b), this [c]ourt is without jurisdiction to consider this appeal." *C. Rallo Constr. Co.,* 202 S.W.3d at 58.

■ In this case, the circuit court entered judgment dismissing Count I–Tortious Interference with a Business Relationship. The circuit court, however, did not dismiss Count II–Property Damage. Therefore, the court has not rendered a final judgment that disposes of all issues in the case. Nor did the court use language to invoke certification under Rule 74.01(b). As such, this court has no jurisdiction over Ms. Carney's appeal.

The appeal is dismissed for lack of a final and appealable judgment.

All concur.