Sandy DUNCAN, Appellant,

v.

MISSOURI ALLIANCE FOR CHIL-
DREN AND FAMILIES, et al.,
Respondents.

No. WD 74663.

Missouri Court of Appeals,
Western District.

Nov. 13, 2012.

George S. Smith, for appellant.

Thomas O. McCarthy, St. Louis, for re-
spondent.

Before Division One: JAMES M. SMART, Presiding Judge, LISA WHITE HARDWICK and GARY D. WITT, Judges.

LISA WHITE HARDWICK, Judge.

Sandy Duncan appeals the circuit court's partial summary judgment ruling that denied some of her race discrimination claims under the Missouri Human Rights Act ("MHRA"). Because the partial summary judgment lacks finality, we dismiss the appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL HISTORY

Duncan, an African–American woman, began working for the Missouri Alliance for Children & Families ("MACF") in October 2003. She resigned her employment as a Senior Care Manager on January 30, 2009. Four days later, she filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and received a Notice of Right to Sue from the MCHR on March 10, 2009.

On March 19, 2009, Duncan filed a petition in the Boone County Circuit Court against MACF and its management employee, Teresa Kennison–Knierim (collectively, "Respondents"). In her First Amended Petition, Duncan alleged a claim for "Violation of the Missouri Human Rights Act (RSMo 213.070)," with subheadings as follows: (1) "Disparate Treatment on the Basis of Race and Color," (2) "Retaliation," and (3) "Hostile Work Environment/Harassment."

Under the subheading "Disparate Treatment on the Basis of Race and Color," Duncan alleged that her race was a con-

tributing factor in Respondents' decisions to: (a) deny her a promotion for the position of care management supervisor in 2007; (b) place her on a corrective action plan in 2007;[1] and (c) deny her a promotion for the position of care management supervisor in 2008. Duncan further alleged that she complained to both her direct supervisor and MACF's Human Resources Manager that she believed her race was a contributing factor in the 2007 promotion denial.

Under the subheading "Retaliation," Duncan alleged that she was placed on the corrective action plan and denied the 2008 promotion in retaliation for her complaints that she was denied the 2007 promotion due to her race.

Under the subheading "Hostile Work Environment/Harassment," Duncan alleged that Respondents subjected her to unwelcome harassment after she complained of racially discriminatory practices. Specifically, she referenced the 2007 and 2008 promotion denials and the corrective action plan as examples of the alleged harassment.

Respondents filed a motion for partial summary judgment as to Duncan's allegations of disparate treatment premised on the 2007 promotion denial and corrective action plan and the retaliation claim premised on the corrective action plan. The motion argued that Duncan's claims relating to the 2007 promotion denial and corrective action plan were time-barred under Section 213.075.1,[2] which requires a claimant to file discrimination charges with the MCHR within 180 days of the alleged act

---

1. The corrective action plan was the result of repeated mileage overages on expense reimbursement forms Duncan submitted to MACF. The plan required Duncan to submit odometer logs and MapQuest printouts for all work related trips for six months.

2. All statutory references are to the Revised Statutes of Missouri 2000, as updated by the Cumulative Supplement 2011, unless otherwise indicated.

of discrimination.[3] Respondents further asserted that Duncan's disparate treatment claim relating to the 2007 promotion denial was time-barred by the MHRA's two-year statute of limitations.[4]

On September 15, 2011, the circuit court entered a judgment granting Respondents' partial summary judgment motion. At Duncan's request, the judgment was amended to include the following language: "Pursuant to Rule 74.01(b) of the Missouri Rules of Civil Procedure, the Court also determines that there is no just cause to delay entering judgment as provided herein on the portion of the action which is disposed of by this judgment. Plaintiff's claims not disposed by this judgment shall remain before this Court." Duncan appeals.

## ANALYSIS

▇▇▇ Duncan brings three points on appeal, however, we must first consider our authority to address the circuit court's ruling on a motion for partial summary judgment. The existence of a final judgment is a prerequisite for appellate review under Section 512.020. Whether the circuit court properly entered and certified the partial summary judgment as appealable affects our jurisdiction. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). An appealable judgment resolves all issues in a case and leaves nothing for future determination. *Id.* If the circuit court's judgment is not final, we lack appellate jurisdiction and the appeal must be dismissed. *Id.*

▇▇▇ Rule 74.01(b)[5] provides an exception to the finality rule in cases "in which more than one claim for relief is presented or when multiple parties are involved." *Davis v. Dolgencorp, Inc.*, 774 S.W.2d 565, 567 (Mo.App.1989). Rule 74.01(b) permits the circuit court to designate a final judgment "as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Upon entering the partial summary judgment in this case, the circuit court expressly invoked Rule 74.01(b) by stating "there is no just cause to delay entering judgment as provided herein on the portion of the action which is disposed of by this judgment." However, the circuit court's "certification of a judgment as final is not conclusive." *Huff v. Dewey & LeBoeuf, LLP*, 340 S.W.3d 623, 627 (Mo.App.2011) (quoting *West v. Sharp Bonding Agency, Inc.*, 327 S.W.3d 7, 10 n. 5 (Mo.App.2010)). This court must independently decide whether the judgment certified under Rule 74.01 actually qualifies as a final judgment for purposes of appeal. *Fischer v. City of Washington*, 55 S.W.3d 372, 377 (Mo.App.2001).

▇▇▇ A circuit court's designation of a judgment as final "is effective only when the order disposes of a distinct 'judicial unit.'" *Gibson*, 952 S.W.2d at 244. Such disposition occurs when the court enters judgment on an entire claim, and not a

---

**3.** Duncan filed her Charge of Discrimination 722 days after she was denied the 2007 promotion and 623 days after being placed on the corrective action plan.

**4.** Under Section 213.111.1 of the MHRA, a plaintiff must file suit "within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured

party." In this case, Duncan was informed that she did not receive the promotion on February 12, 2007. Duncan filed her petition more than two years later, on March 19, 2009.

**5.** All rule citations are to Missouri Rules of Civil Procedure (2011), unless otherwise noted.

ruling on some of several issues arising out of the same transaction or occurrence, which does not dispose of the claim. *Id.* As the Supreme Court explained in *Gibson:*

> An order dismissing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation. It is "differing," "separate," "distinct" transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim.

*Id.* (citation omitted).

In this case, Duncan's petition asserts a claim for "Violation of the Missouri Human Rights Act" and seeks to recover damages under three theories of race discrimination: disparate treatment, retaliation, and hostile work environment/harassment. All three of the race discrimination theories or claims are based on facts arising from the 2007 promotion denial, the corrective action plan, and the 2008 promotion denial. The circuit court's partial summary judgment only disposed of the disparate treatment claims premised on the 2007 promotion denial and the correction action plan, and the retaliation claim premised on the corrective action plan. The following claims or theories remain pending: (1) disparate treatment based on the 2008 promotion denial; (2) retaliation based on the 2008 promotional denial in response to Duncan's complaints about the 2007 promotional denial; and (3) hostile environment or harassment based on the entire course of conduct involving the 2007 promotion denial, the corrective action plan, and the 2008 promotion denial.

The remaining claims clearly arise from the same set of facts and transactions as those that were disposed of by the partial summary judgment. All of the claims arise under the MHRA and all allege the same wrong of race discrimination. Although the circuit court granted judgment in favor of Respondents on certain claims relating to the 2007 promotion denial and the corrective action plan, the facts underpinning those employment decisions are "inextricably intertwined" with the discrimination theories that remain pending. *ARC Indus., Inc. v. Siegel–Robert, Inc.,* 157 S.W.3d 344, 346–47 (Mo.App.2005). Under these circumstances, the circuit court erred in certifying this matter for appeal because the partial summary judgment did not dispose of the distinct judicial unit of race discrimination claims. The judgment is neither final nor appealable as long as there are MHRA claims that remain pending under the theories of disparate treatment, retaliation, and hostile environment. This court lacks appellate jurisdiction to consider a non-final judgment and, therefore, must dismiss the appeal.

### CONCLUSION

The appeal is dismissed.

ALL CONCUR.