

# In the Missouri Court of Appeals
## Eastern District
### DIVISON FOUR

| | | |
|---|---|---|
| JEFFREY T. BLACKWELL, | ) | No. ED100888 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| CSF PROPERTIES 2 LLC, | ) | Honorable Thea A. Sherry |
| | ) | |
| Respondent. | ) | Filed: September 30, 2014 |

### *Introduction*

Jeffrey Blackwell (Plaintiff) appeals the trial court's grant of partial summary judgment in favor of CSF Properties 2, LLC (Defendant) on Plaintiff's action for negligence and negligence per se. Because there is no final, appealable judgment, we dismiss the appeal.

### *Factual and Procedural Background*

In April 2009, Defendant owned a house at 6763 Edison in Velda Village Hills. The house had a front porch enclosed by a brick wall approximately nineteen inches in height. The western wall of the enclosure abutted a ten-foot drop-off to a concrete driveway.

Defendant rented 6763 Edison to Tonya Dyson. On April 3, 2009, Ms. Dyson invited Plaintiff to a post-funeral repast at her house. During the repast, Plaintiff engaged in a "scuffle" with Tommy Anderson, another guest, and Ms. Dyson ordered Plaintiff to leave. Plaintiff exited the front door and stood on the western end of the front porch, where he intended to call his parents to request a ride home. Before Plaintiff was able to place the call, Mr. Anderson stepped

onto the front porch and pushed Plaintiff, causing him to fall over the brick enclosure to the driveway below and fracture his cervical spine, resulting in paralysis.

In May 2012, Plaintiff filed a first amended petition alleging that Defendant's negligence in maintaining the porch and porch enclosure in an unsafe condition caused his injuries. Plaintiff did not separate his petition into counts but rather pleaded broadly that:

> [Defendant] failed to exercise reasonable care and was negligent in one or more of the following respects:
>
> (a)  It rented the dwelling with a front porch enclosure that violated applicable codes and ordinances because the enclosure was not at least 30" or at least 46" in height constituting negligence *per se*;
> (b) It failed to construct the front porch enclosure to a height of at least 30" or at least 46" when it knew or could have known that the failure to do so created a significant risk of harm to residents and guests;
> (c) It failed to make the porch reasonably safe after it undertook to make the porch reasonably safe by installing a handrail on the stairs and reinforcing the bricks around the porch;
> (d) It failed to make the porch comply with the applicable codes and ordinances when it made alterations to the porch;
> (e) It failed to warn the Plaintiff of the dangerous condition of the front porch enclosure;
> (f) It rented the dwelling when it knew or could have known that the front porch enclosure created a significant risk of harm to residents and guests because it constituted a fall hazard;
> (g) It failed to remove and make safe the front porch enclosure when it knew or could have known that the condition rendered the premises unsafe, in violation of applicable codes and ordinances constituting negligence *per se*;
> (h) It failed to inspect the front porch enclosure when it knew or could have known that the enclosure was not reasonably safe; and
> (i) It failed to maintain the front porch enclosure when it knew or could have known that the enclosure was not reasonably safe.

Defendant responded with an answer and denied Plaintiff's allegations. Subsequently, on July 20, 21012, Defendant filed a "Motion for Partial Summary Judgment" on Plaintiff's claim of negligence per se ("July 20, 2012 Motion for Partial Summary Judgment"). In its motion, Defendant asserted that "the undisputed facts of the case establish that a statute or an ordinance sufficient to support a claim for negligence per se was not violated by the home located at 6763

2

Edison," and, even if the property violated a statute or ordinance, "such a violation was not the proximate cause of the harm alleged here, and negligence per se cannot be established." In January 2013, the trial court denied Defendant's July 20, 2012 Motion for Partial Summary Judgment.

After the trial court denied Defendant partial summary judgment as to Plaintiff's negligence per se claim, Defendant filed a motion for partial summary judgment, denominated "Motion for Partial Summary Judgment on Negligence." In this motion filed on May 23, 2013, Defendant asserted that it was entitled to summary judgment "on the negligence claim in Plaintiff's First Amended Petition" because at the time of Plaintiff's injury, Plaintiff was a trespasser to whom Defendant owed no duty. Defendant argued in the alternative, if Plaintiff was not a trespasser, he was a licensee, and Plaintiff "cannot support a licensee claim here because [Defendant] did not know or have information that the porch of the property at 6763 Edison was unreasonably safe [sic] for individuals such as Plaintiff" or that "Plaintiff would not discover this condition or realize its risk of harm." Finally, Defendant contended that "the allegedly dangerous condition that Plaintiff is claiming caused his injuries was open and obvious and cannot thus be used by him to support a claim of negligence as a matter of law."

After hearing arguments, the trial court granted Defendant's Motion for Partial Summary Judgment on Negligence on November 25, 2013. In its judgment, the trial court found that Plaintiff was present on Defendant's property as a licensee and that Defendant was entitled to judgment as a matter of law because the undisputed evidence in the record demonstrated that Plaintiff "knew the condition of the porch and realized the risk of harm prior to his injury." The trial court's November 25, 2013 partial summary judgment contains no reference to Plaintiff's allegations of negligence per se. The judgment concludes: "ACCORDINGLY, Defendant CSF

3

Properties 2 L.L.C.'s Motion for Summary Judgment on Plaintiff Jeffrey Blackwell's Petition is hereby GRANTED. All arguments submitted and not addressed have been considered and DENIED." Plaintiff filed a notice of appeal from the trial court's judgment of November 25, 2013 granting Defendant's Motion for Partial Summary Judgment on Negligence.

### *Discussion*

Plaintiff claims the trial court erred in granting summary judgment to Defendant because it: (1) applied the incorrect law to the facts when it held that Plaintiff was a licensee; and (2) decided a disputed element of licensee liability as a matter of law. Plaintiff also contends that the trial court erred in dismissing Plaintiff's entire petition, including his count for negligence per se, because Defendant's Motion for Partial Summary Judgment on Negligence related solely to Plaintiff's negligence claim. Defendant counters that the trial court properly granted summary judgment because Defendant owed no duty to Plaintiff as: (1) the conditions of the porch and porch enclosure were open and obvious; and (2) at the time of the injury, Plaintiff was a trespasser on Defendant's property. Additionally, Defendant asserts that this court should affirm the trial court's judgment for Defendant as to Plaintiff's negligence per se claim because "the claim fails as a matter of law" and "[s]o long as the trial court's judgment is sustainable on any ground, the judgment will not be disturbed on appeal."

Before we address the merits of Plaintiff's points on appeal, we consider our authority to review the trial court's ruling on a motion for partial summary judgment.[1] Duncan v. Mo. Alliance for Children & Families, 387 S.W.3d 389, 391 (Mo.App.W.D. 2012). A final judgment is a prerequisite to appellate review. Mo. Rev. Stat. § 512.020; Ndegwa v. KSSO, LLC, 371 S.W.3d 798, 801 (Mo. banc 2012) (citing Gibson v. Brewer, 952 S.W.2d 239, 244 (Mo. banc

---

[1] We therefore do not reach the issue of the propriety of summary judgment on Plaintiff's negligence claim.

4

1997)). A partial summary judgment is not a final judgment subject to our review if it leaves issues for future determination. Dibben v. Shelter Ins. Co., 261 S.W.3d 553, 555 (Mo.App.W.D. 2008). If the trial court's judgment was not a final judgment, we must dismiss the appeal. Ndegwa, 371 S.W.3d at 801 (citing Gibson, 952 S.W.2d at 244).

A judgment is final when it disposes of an entire claim for relief, or a distinct "judicial unit." Gibson, 952 S.W.3d at 244. A distinct judicial unit is "the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim." Ndegwa, 371 S.W.3d at 801 (quoting Gibson, 952 S.W.2d at 244)). In other words, a judicial unit "comprises all the legal issues raised by a single fact situation[.]" Blechle v. Goodyear Tire & Rubber Co., 28 S.W.3d 484, 487 (Mo.App.E.D. 2000) (citing Gibson, 952 S.W.2d at 244)). "[A] ruling on any issue that does not finally 'dispose of the claim' is not a 'judicial unit' for appeal and therefore cannot serve as the foundation for a final judgment." Id. at 487 (quoting Gibson, 952 S.W.2d at 244)).

Rule 74.01(b) provides an exception to the final judgment requirement in cases involving multiple claims for relief. Talbot v. Union Elec. Co., 157 S.W.3d 376, 378 (Mo.App.E.D. 2005). Pursuant to Rule 74.01(b), "the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."[2] Here, the trial court did not certify the partial summary judgment for appeal under Rule 74.01(b).

Even if the trial court had certified the partial summary judgment for appeal under Rule 74.01(b), the judgment in question would not be final for purposes of appeal because it did not

---

[2] We note that a trial court's certification of a judgment as final is not conclusive. Duncan, 387 S.W.3d at 391. A trial court's designation of a judgment as final "is effective only when the order disposes of a distinct 'judicial unit.'" Id. (quoting Gibson v. Brewer, 952 S.W.2d 239, 244 (Mo. banc 1997)).

5

resolve at least one claim for relief. See, e.g., Talbot, 157 S.W.3d at 378. In his petition, Plaintiff set forth two legal theories (negligence and negligence per se) seeking damages based on the same transaction or occurrence (Plaintiff's fall from Defendant's porch). Because Plaintiff's theories of negligence and negligence per se arise from the same fact situation, they comprise a single judicial unit. See, e.g., Moreland v. Farren-Davis, 995 S.W.2d 512, 517-18 (Mo.App.W.D. 1999).

The trial court's November 25, 2013 judgment disposed of Plaintiff's action for negligence but not his action for negligence per se. Prior to filing its Motion for Partial Summary Judgment on Negligence, Defendant filed the July 20, 2012 Motion for Partial Summary Judgment as to negligence per se. The trial court overruled that motion. Defendant subsequently filed the Motion for Partial Summary Judgment on Negligence, in which it requested the trial court "enter summary judgment in [Defendant's] favor on the claims for negligence in Plaintiff's First Amended Petition. . . ." Defendant's Motion for Partial Summary Judgment on Negligence neither pleaded undisputed material facts negating Plaintiff's negligence per se claim nor asserted that Defendant was entitled to judgment as a matter of law as to negligence per se. Defendant's motion requested partial summary judgment on Plaintiff's "claims for negligence," and the trial court granted it.

Although Plaintiff asserts that the trial court's November 24, 2012 summary judgment "dismissed the entirety of [Plaintiff's] case including his negligence per se claim not at issue in [Defendant's Motion for Partial Summary Judgment on Negligence]," we conclude that the language of the judgment is insufficient to dismiss both causes of action. Indeed, the judgment merely states that Defendant's "Motion for Summary Judgment on Plaintiff Jeffrey Blackwell's Petition is hereby GRANTED" and "[a]ll arguments submitted and not addressed have been

6

considered and DENIED." The trial court neither referred to Plaintiff's theory of negligence per se nor analyzed the elements of that claim.

Defendant impliedly addresses the finality of the judgment when it argues that, even though Defendant's motion for partial summary judgment on negligence "did not expressly embrace [Plaintiff's] negligence per se claim . . . [h]is negligence per se claim is necessarily subsumed by [Defendant's] arguments for summary judgment on [Plaintiff's] negligence claims generally." Defendant cites no authority to support its suggestion that, if Defendant established a right to judgment as a matter of law on Plaintiff's claim of negligence, it likewise established a right to judgment as a matter of law as to Plaintiff's claim of negligence per se.[3]

To establish a claim of negligence per se based on the violation of an ordinance, a plaintiff must plead the following four elements:

> (1) . . . a violation of the ordinance; (2) the injured plaintiff was a member of the class of persons intended to be protected by the ordinance; (3) the plaintiff's injury is of the type the ordinance was designed to prevent; and (4) the violation of the ordinance was the proximate cause of the injury.

Mediq PRN Life Support Servs., Inc. v. Abrams, 899 S.W.2d 101, 107 (Mo.App.E.D. 1994). In contrast, the elements of a negligence claim are: (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) the defendant's failure to perform that duty; and (3) injury to the plaintiff resulting from that failure. Weaks v. Rupp, 966 S.W.2d 387, 392 (Mo.App.W.D. 1998). A review of Defendant's Motion for Partial Summary Judgment on Negligence reveals that Defendant stated facts intended to negate elements of Plaintiff's negligence claim but did not assert any facts intended to negate proof of the material elements of Plaintiff's negligence per se claim. Because, in its Motion for Partial Summary Judgment on

---

[3] In any event, the trial court expressly considered Defendant's July 20, 2012 Motion for Partial Summary Judgment as to negligence per se and declined to grant summary judgment.

7

Negligence, Defendant only addressed Plaintiff's negligence claim, the trial court did not grant summary judgment on Plaintiff's entire claim.  See Moreland, 995 S.W.2d at 517.

Accordingly, we conclude that the trial court's judgment did not completely resolve Plaintiff's entire claim for relief and is therefore not a final and appealable judgment.  In the absence of a final judgment, this court lacks authority to consider this appeal.  Talbot, 157 S.W.3d at 379.

### *Conclusion*

Plaintiff's appeal is dismissed.

Patricia L. Cohen, Presiding Judge

Roy L. Richter, J., and
Robert M. Clayton III, J., concur