James M. Dowd, Judge
Rhoderick Beery II and his son Rhoderick Beery III (the Beerys) appeal from the trial court's judgment that partially granted Respondents Robert Chandler and Baker, Sterchi, Cowden & Rice, LLC's motion for summary judgment in the Beerys' legal malpractice and fraud suit. Because we find the trial court did not *849 dispose of a distinct judicial unit, we lack jurisdiction and therefore dismiss this appeal.
Background
This dispute arose out of a contract between the Beerys and National Auto Warranty Services, Inc. (NAWS) pursuant to which the Beerys agreed to assist NAWS in obtaining an insurance license in exchange for a payment of a portion of each insurance contract NAWS executed thereafter. The Beerys allege that NAWS breached the contract when it stopped making these payments.
In early 2008, the Beerys hired Jeffrey Roper to represent them in their legal action for breach of contract against NAWS. Roper led the Beerys to believe that he was an attorney licensed in Missouri, though he was not. In fact, Roper was not a licensed attorney in any state at the time the Beerys hired him. Previously, he had been licensed in Illinois and shortly after the Beerys hired him he was reinstated in Illinois.
Roper enlisted the assistance of attorney Robert Chandler, an associate at Baker, Sterchi, Cowden & Rice, LLC, to file and prosecute the case in Missouri. Chandler handled all of the legal filings in the matter and interacted with the Beerys until he and Baker Sterchi withdrew from the case.
The Beerys' breach of contract action was filed against NAWS in April 2008. NAWS filed a counterclaim alleging the Beerys violated the non-compete clause in the parties' agreement. The Beerys assert that as a result of the allegations in the counterclaim, Respondents and Roper advised the Beerys to stop all work activities that might be considered to be within the purview of the non-compete clause. The Beerys followed this advice and claim to have suffered damages as a result. Then, in November 2009, Respondents withdrew from the case and another attorney entered his appearance and handled the case until a settlement was reached.
During the negotiations leading up to the eventual settlement, the Beerys rejected NAWS's settlement offer of $ 1.4 million. Ultimately, the parties settled in February 2010, pursuant to which the Beerys agreed to dismiss their lawsuit in exchange for NAWS's promise to pay them $2 million. Soon thereafter, in March 2010, NAWS filed for bankruptcy and the Beerys were able to recover only $300,000.
The Beerys then filed the suit at issue in this case against Respondents and Roper in three counts: (1) fraudulent misrepresentation, (2) negligent misrepresentation, and (3) legal malpractice. The Beerys alleged that Respondents and Roper fraudulently and negligently misrepresented that Roper was a licensed Missouri attorney and that but for this misrepresentation they would not have rejected NAWS's previous settlement offer of $1.4 million[1] and additionally that they would not have followed the advice that they stop working in light of the allegation in NAWS's counterclaim that their ongoing work activities constituted a breach of the parties' non-compete agreement. The Beerys' legal malpractice count was based on the same two allegations.
The trial court granted Respondents' motion for summary judgment on counts one and two, the fraud claims, but denied Respondents' motion as to count three, the *850 legal malpractice claim, and then certified pursuant to Rule 74.01(b)[2] that there was no just reason to delay an appeal. This appeal follows.
Discussion
This Court has an independent obligation to determine whether it has jurisdiction to hear appeals that come before it. Talbot v. Union Elec, Co. , 157 S.W.3d 376, 378 (Mo.App.E.D. 2005). As a general rule, a party may only appeal from a final judgment. Id. A final judgment is one that disposes of all parties and claims in a case. Id. Rule 74.01(b) provides a limited exception to the finality requirement. First Natl Bank of Dieterich v. Pointe Royale Prop, Owners' Ass'n Inc., 515 S.W.3d 219, 221 (Mo.banc 2017), If more than one claim for relief is presented in an action, or multiple parties are involved, Rule 74.01(b) permits a trial court to enter judgment on one or more of the claims in an action and make that judgment final by certifying that there is no just reason to delay that appeal. Id. at 221-22.
However, even when a trial court designates its judgment as final, such a designation is effective only if the judgment disposes of a "distinct judicial unit." Hardin v. Adecco USA, Inc., 419 S.W.3d 883, 886 (Mo.App.E.D. 2014). A distinct judicial unit is defined as the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence that does not dispose of the claim. Gibson v. Brewer , 952 S.W.2d 239, 244 (Mo.banc 1997). An order addressing "some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation." Id. "It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim." Id.
In the current case, all three counts set forth in the Beerys' petition sought recovery based on the same underlying transactions or occurrences-that Respondents and Roper were at fault in advising the Beerys to reject NAWS's earlier settlement offer, and Respondents and Roper were at fault by advising the Beerys to stop working after NAWS filed its counterclaim alleging that their continued work activities constituted a breach of the non-compete clause.
The Beerys aver that the trial court fully disposed of the claims arising from Respondents and Roper's advice to reject NAWS's settlement offer. However, a review of the judgment does not support this conclusion. While the court expressed some reservations about the viability of the legal malpractice claim premised on the advice to reject the settlement offer, its judgment denying summary judgment on the legal malpractice claim cannot be any clearer. Thus, the Beerys' legal malpractice count was based on the same two factual occurrences described above and by terms of the trial court's judgment that count, in its entirety, remains alive below. Since we are left with a count pending below that is based on the same two transactions or occurrences supporting the claims on appeal before this Court, the trial court failed to resolve a distinct judicial unit.
*851 Conclusion
Because there is no final appealable judgment, this appeal is dismissed.
Sherri B. Sullivan, P.J., and Lawrence E. Mooney, J., concur.

The Beerys' claim is that since the $1.4 million offer was made approximately six months before the $2 million offer that they ultimately accepted, as well as at least six months before NAWS's bankruptcy, it is likely that if they accepted this earlier offer they would have collected more than the $300,000 they received out of the bankruptcy estate.

All rules references are to the Missouri Supreme Court Rules (2017).