

# In the Missouri Court of Appeals Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| MISSOURI BOND COMPANY LLC, | ) | No. ED107137 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Ellen W. Dunne |
| MARK R. DEVORE, et al., | ) | |
| | ) | |
| Respondents. | ) | FILED: August 20, 2019 |

Missouri Bond Company LLC ("Appellant") appeals from the Amended Judgment and Order ("Order") of the Circuit Court of St. Louis County granting motions to dismiss filed by Respondent St. Louis County ("the County") and its Collector of Revenue Mark Devore ("Devore"); Respondent Western Surety ("Western Surety"); and Respondents Old Republic Title Company of St. Louis, Equity Trust Company Custodian FBO Richard Fornjoy IRA, and Juaneka Gore (collectively "the 1861 Atmore Respondents"). The Order dismissed with prejudice all claims against Devore and the County asserting Appellant was entitled to recover attorney's fees, while all other claims against them were dismissed without prejudice. The Order dismissed the claims against Western Surety without prejudice, finding Appellant was not the real party in interest and lacked standing to sue. And finally, the Order dismissed Count VI against the 1861 Atmore Respondents without prejudice. We dismiss for lack of a final judgment.

## I. Background

The action underlying this appeal began in August 2016, when Appellant purchased multiple properties—including the 12 at issue in this appeal ("the Properties")—that were being sold at a real property tax sale. The properties were being sold for delinquent taxes. On March 13, 2017, Appellant signed a letter of intent for services to be provided by Gebhardt Real Estate and Legal Services, L.L.C. ("GRELS"). Within that letter there was a "Description of Services – Charges" section, which listed the charge, in attorney's fees, for each service GRELS would provide. Among other things, GRELS was to draft a limited title examination for $200 per property, draft notice letters in compliance with Section 140.405, RSMo.[1] for $150 per property with an additional $50 for every additional mailing of 20 notice letters, and draft and file the affidavit required by Section 140.405, as well as provide assistance with the issuance of the collector's deed for $150 per property. From the record, it appears GRELS performed most or all of these duties.

The owners of record, or other persons with a recorded interest, redeemed the Properties before they were foreclosed. Section 140.340 provides that where an owner or party with an interest in a property at the time of a tax sale redeems the property before foreclosure, the tax sale purchaser is entitled to the "reasonable and customary costs of the tax sale." Section 140.340.2. Appellant subsequently submitted invoices to Devore seeking reimbursement of what it deemed to be the reasonable and customary costs. Devore sent Appellant a letter that stated as follows:

---

[1] Section 140.405 governs what a purchaser of property at a delinquent land tax auction must do to acquire the deed to the land. Section 140.405.1. It provides that "[a]t least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify the owner of record and any person who holds a publicly recorded . . . claim upon that real estate of such person's right to redeem the property." Section 140.405.2. The statute also provides that notice must be sent "by both first class mail and certified mail return receipt requested to such person's last known available address." Section 140.405.2.

> Your invoice included the cost of a title report wherein it is labeled "**Attorney's Fees** for Title Report for notice letter with right of redemption for 'address of property'," at a cost of $500 each. Later in the same invoice you include attorney fees of $50. Adding the additional postage costs, the invoice costs for redemption come to $570.90 to $1,011.53 depending on how many letters you sent.
>
> Section 140.340.2 . . . allows the purchaser of property to recover reasonable and customary costs of a tax sale, which include the cost of a title search and postage **but not attorney fees**.
>
> In examining the cost of the title search . . . $500 is not only not recoverable but also not reasonable. As to the listed $50 attorney's fee, that is not recoverable.
>
> Please provide this office with an invoice for the title search that does not include attorney's fees and within the same invoice do not include any other attorney's fees. When a new invoice is submitted . . . [Devore's] Office will review . . . and accept the invoice if the reported costs . . . are reasonable and customary costs.

Instead of submitting new invoices, Appellant filed this action.

In January 2018, Appellant filed its Second Amended Petition ("Petition") naming 21 defendants across 12 counts.[2] The Petition alleged, *inter alia*, that the Properties were not properly redeemed, resulting in an unconstitutional taking, in violation of Appellant's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution, and Article I Section 2 of the Missouri Constitution, that Devore abused his discretion in denying payment of Appellant's reasonable and customary costs and attorney's fees, and that Devore's denial of attorney's fees was arbitrary and capricious.

Subsequently, multiple parties filed motions to dismiss: Western Surety filed a motion to dismiss for lack of standing; Devore and the County filed a motion to dismiss the Petition for failure to state a claim upon which relief could be granted; and the 1861 Atmore Respondents filed a joint motion to dismiss Count VI of the Petition, or alternatively for a more definite statement. The trial court entered its order on the motions to dismiss on August 7, 2018, and *sua*

---

[2] The named defendants were Devore, the County, Mark Larimer, Richards, Roberts & Stein, LLC, Western Surety, Tasha R. Wolff, Dempsey Watson, Sherry E. Piller, Sharon Bollinger, the 1861 Atmore Respondents, Kim M. Neire, Michael D. Nored, Richard D. Aubuchon, Tanjela Brooks, Eric Miller, Lawrence Brown, and Tanya Brown.

3

*sponte* amended that order on August 8, 2018 ("the Order"), granting all of the motions to dismiss. The Order dismissed all claims alleging Appellant was entitled to recover attorney's fees with prejudice, and dismissed without prejudice all other claims against Devore and the County. The Order dismissed with prejudice all claims against Western Surety, finding Appellant "is not the real party in interest and lack [sic] standing to file the cause of action asserted against [Western Surety] . . . ." Count VI against the 1861 Atmore Respondents was dismissed without prejudice.

This appeal follows.

## II. Discussion

Appellant raises six points on appeal. However, because there was no final judgment from which Appellant could appeal, we will not discuss any of those points. We move directly to our discussion of why there was no appealable final judgment.

As a general rule, a party may only appeal from a final judgment. Berry v. Chandler, 563 S.W.3d 847, 850 (Mo. App. E.D. 2018). Regardless of whether this issue is raised, this Court "must determine its jurisdiction *sua sponte*," meaning this Court has "an independent obligation to determine whether it has jurisdiction to hear appeals that come before it." Talbot v. Union Elec., Co., 157 S.W.3d 376, 378 (Mo. App. E.D. 2005); Berry, 563 S.W.3d at 850. If a judgment does not "dispose of all issues and **all parties** in the case . . . it is not a final, appealable judgment and we have no jurisdiction to entertain an attempted appeal therefrom." Avidan v. Transit Cas. Co., 20 S.W.3d 521, 523 (Mo. banc 2000). Missouri Rule 74.01 provides a narrow exception to this general rule when there are multiple claims and parties, stating "[w]hen more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties ***only***

***upon an express determination that there is no just reason for delay***." Mo. Sup. Ct. R. 74.01(b) (emphasis added).

On October 17, 2018, this Court issued an Order to Show Cause why this appeal should not be dismissed for lack of a final appealable judgment ("Show Cause Order"). The Show cause order stated as follows:

> The record on appeal . . . fails to demonstrate that all parties and claims in the case have been resolved. It appears that multiple counts, as well as multiple parties, remain pending in the trial court. Without the resolution of all claims or a designation under Rule 74.01(b), this Court is without jurisdiction.

Appellant filed its Suggestions in Response ("Suggestions in Response") to the Show Cause Order on November 6, 2018. In the Suggestions in Response, Appellant argued, "by dismissing all claims against the [Devore and the County], [the Order] leaves nothing remaining to be resolved and leaves nothing for future determination." We disagree.

We find Carney v. Yeager, a case with similar facts from the Western District of this Court, useful to our analysis here. 231 S.W.3d 308 (Mo. App. W.D. 2007). Carney was an entertainer at Club Vogue, a "gentlemen's club" in Columbia, Missouri, and Yeager was the principal owner and registered agent of J.R. Entertainment, Inc., which owned Club Vogue. Id. at 309. Carney alleged that while she was working at the club in 2003, Yeager grabbed her genitals. Id. Carney further alleged that after she informed management she would be leaving the club, Yeager severely beat her in the women's dressing room. Carney filed an amended petition with five counts in September 2005. Id. The trial court dismissed her first three counts for battery, assault and battery, and intentional infliction of emotional distress because they were barred by the two-year statute of limitations. Id. Carney filed a second amended petition in March 2006, which contained two counts: one for tortious interference with a business relationship, and one for property damage. Id. In August 2006 the trial court granted Yeager's motion to dismiss the first count for failure to state a claim in which relief could be granted, but

5

did not dismiss the second count.  Id.  Carney appealed the dismissal of her first count, and the Western District found that because the trial court did not dismiss the second count and did not make an express designation under Rule 74.01(b), there was no appealable final judgment.  Id. at 310.

Similarly, in this case Appellant filed the Petition naming 21 defendants across 12 counts. The trial court dismissed Devore, the County, Western Surety, and Count VI against the 1861 Atmore Respondents, and did not make an express designation under Rule 74.01(b).  Further, the claims against Devore and the County that did not involve attorney's fees, and Count VI were dismissed without prejudice, which is generally not a final judgment because "a plaintiff may cure the dismissal by filing another suit in the same court. . . ."  See Naylor Senior Citizens Hous., LP v. Side Const. Co., Inc., 423 S.W.3d 238, 242 (Mo. banc 2014); Snelling v. Masonic Home of Mo., 904 S.W.2d 251, 252 (Mo. App. E.D. 1995).  Even if we assume, as Appellant argues, that these dismissals without prejudice were final judgments,[3] that does not negate the fact that the trial court's judgment did not address 15 remaining defendants across 11 remaining counts, or make an express designation under Rule 74.01(b).  Where a judgment does not dispose of all counts in a petition, or does not resolve all issues as to all parties, the appeal must be dismissed for lack of an appealable final judgment.  Carney, 231 S.W.3d at 310; Fleahman v. Fleahman, 25 S.W.3d 162, 164 (Mo. App. E.D. 1999).  Appellant's appeal is dismissed.

---

[3] Appellant argued in its Suggestions in Response that because the dismissal without prejudice of Devore and the County operated to preclude it from bringing another action for the same cause, and refiling of the action would be futile, the dismissal is final and appealable. Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 3 (Mo. banc 1997) ("A dismissal without prejudice may operate to preclude the party from bringing another action for the same cause and may be res judicata of what the judgment actually decided.  An appeal from such a dismissal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum.  The trial court's dismissal in the instant case had such a practical effect.") (internal citations omitted); State ex rel Nixon v. Summit Inv. Co., LLC,186 S.W.3d 428, 432-33 (Mo. App. S.D. 2006) ("If the dismissal was such that a refiling of the petition . . . would be a futile act, then the order of dismissal is appealable.") (internal quotations omitted).

6

### III. Conclusion

Because the Order did not address the 15 remaining defendants across the 11 remaining counts of the Petition, and the trial court did not make an express designation under Rule 74.01(b), there was no appealable final judgment. Appellant's appeal is dismissed.

_____

ROY L. RICHTER, Presiding Judge

Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.